**Geraldine HARRIS, Appellant,**

v.

**SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS, and U.S. Department of Veterans Affairs, Appellees.**

**No. 96–5091.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 8, 1997.

Decided Oct. 10, 1997.

Karl W. Carter, Jr., Mount Rainier, MD, argued the cause and filed the briefs for appellant.

Marina Utgoff–Braswell, Assistant U.S. Attorney, Washington, DC, argued the cause for appellees, with whom Eric H. Holder, Jr., U.S. Attorney at the time the brief was filed, and R. Craig Lawrence, Assistant U.S. Attorney, were on the brief.

Before: EDWARDS, Chief Judge, WALD and GARLAND, Circuit Judges.

Opinion for the Court filed by Chief Judge EDWARDS.

EDWARDS, Chief Judge:

This case requires the court to decide what course the District Court should take when a party raises the affirmative defense of statute of limitations for the first time in a dispositive motion, rather than in a responsive pleading as required by Rule 8(c) of the Federal Rules of Civil Procedure. Appellant Geraldine Harris (Geraldine Harris Coombs at the time of the events in question) sued Appellee Department of Veterans Affairs ("Department") for racial discrimination under Title VII, 42 U.S.C. § 2000e *et seq.* (1994). She filed her complaint in District Court ninety-one days after the date on the certified mail return receipt attached to the notice of final agency decision against her, one day beyond the statutory limit. *See* 42 U.S.C. § 2000e–16(c) (1994). The Department did not raise the defense of untimeliness in any of its answers. After discovery, during which the Department made inquiries about the date Harris received notice, the Department filed for summary judgment on untimeliness grounds. Although Harris contended that the date on the mail receipt was in error, the District Court rejected her explanation, granted summary judgment in favor of the Department, and then dismissed Harris's reprisal claims for want of jurisdiction.

■ We reverse and remand. Rule 8(c) means what it says: affirmative defenses must be raised in a responsive pleading, not a dispositive motion. This requirement permits the parties to chart the course of litigation in advance of discovery and motions thereon. Because the Department did not raise the defense in a responsive pleading and did not apply to the District Court for leave to amend its answer under Rule 15(a), the Court should not, without more, have considered the defense of untimeliness. However, this procedural error need not necessarily cause loss of the defense. On remand, the government may seek leave to amend its answers. We also reverse and remand the District Court's dismissal of Appellant's reprisal claims. Because untimeliness is not a *jurisdictional* defense under Title VII, the District Court had discretion under 28 U.S.C. § 1367(c) (1994) to retain jurisdiction over supplemental reprisal claims even if it dismissed the underlying Title VII claim for untimeliness.

## I. BACKGROUND

By a complaint filed on July 31, 1992, Appellant brought suit in District Court charging the Department with discrimination under Title VII. During her deposition on June 23, 1993, Harris initially stated that she received a copy of the agency's final decision on May 2, 1992. Deposition of Geraldine Harris Coombs, Appendix for Appellees ("App. for Appellees") 13. The Assistant U.S. Attorney ("AUSA") conducting the deposition showed Harris her signature on a certified mail receipt dated May 1, 1992; Harris then stated that she received the notice on May 1, and that her mistake resulted from her noting "May 2" on the envelope. *Id.* at 14. Her testimony also suggested that she erred in counting the days by assuming that each month had thirty days. *Id.* at 17.

Harris twice moved to amend her complaint to include allegations that the Department engaged in reprisal against her by changing her job duties and denying her requests for leave. The District Court granted those motions to amend. The Department did not raise the affirmative defense of untimeliness in any of its answers to the initial complaint or the amendments. It was not until after discovery when the Department moved for dismissal of the case as untimely in a motion for summary judgment. On April 24, 1995, the Magistrate Judge recommended dismissal. Harris excepted to the Magistrate's recommendation, supporting her exception with a new affidavit, dated May 4, 1995. There, she stated that she had in fact received the notice on Saturday, May 2, 1992, and had so noted on the envelope. She further stated that she was at work on May 1, 1992, from 10:00 a.m. until 5:30 p.m. according to her time sheet, which she submitted. She added that she could not have

received the letter on May 1, because according to a postal supervisor with whom she had spoken, mail was not delivered before 10:00 a.m. and after 5:30 p.m. She further asserted that the "May 1" date stamped on both the postal delivery notice and return receipt was in error. Plaintiff's Affidavit in Support of Her Exception to the Magistrate's Report and Recommendation, Appellant's App. 47–48. The delivery notice, which Appellant submitted as evidence, was dated April 30, and said "You may pick up your mail after 8:30 a.m. [on] 5/1." Delivery Notice, reproduced in Appellant's App. at 50. It was stamped May 1, 1992, and signed "Geraldine H. Coombs." *Id.* The return receipt was also stamped May 1, 1992 and signed "Geraldine Harris Coombs." Domestic Return Receipt, reproduced in Appellant's App. at 51.

The District Court granted the Department's motion, which it treated as one for summary judgment. *Coombs v. Secretary of the Department of Veterans Affairs*, No. 92–1785, 1995 WL 450516, slip op. at 2 n.1 (D.D.C. July 20, 1995), *reprinted in* Appellant's App. at 21. The District Court judge found that there was no genuine issue of material fact as to the timeliness of Harris's filing. *Id.* at 5–7. He noted that the time sheet made no specific showing that Harris did not leave work, and that the postal supervisor's statement did not address 1992 practices and was in any case hearsay. *Id.* at 6–7. He further observed that a delivery notice left at Harris's home on April 30 indicated that she could pick up mail at the post office on May 1 any time after 8:30 a.m., allowing Harris time to pick up the notice and then arrive at work by 10:00 a.m. *Id.* at 7 n. 2. Next, he found that there was no basis for equitable tolling of the statute. *Id.* at 7–9.

Finally, the District Court rejected Harris's contention that the Department had waived the statute of limitations defense by failing to plead it in any of its three answers to Harris's initial complaint and two subsequent amended complaints. Citing caselaw from other circuits, the District Court held that a party could raise an unpled affirmative defense by motion if the late raising did not prejudice the opposing party by denying it notice. *Id.* at 10. The District Court noted that Harris did not claim prejudice and found that Harris did not suffer prejudice as a result of the late raising of the issue, because she had two opportunities to respond to the claim: one in her exception to the Magistrate's report, the other in her opposition to the Department's motion for summary judgment. *Id.* at 10–11.

Subsequently, the District Court dismissed Appellant's reprisal claims. The court explained that it lacked supplemental jurisdiction because the original claim was never properly before the court. *Coombs v. Secretary of the Department of Veterans Affairs*, No. 92–1785, order at 2 (D.D.C. Feb. 23, 1996), *reprinted in* Appellant's App. 58. Appellant appealed the summary judgment and dismissal of the reprisal claims to this court.

## II. Analysis

### A. *Timeliness of Affirmative Defenses*

 The issue in this case regarding the timeliness of affirmative defenses requires construction of Rule 8(c). Because this is a legal issue, we review the District Court's interpretation of Rule 8(c) *de novo. Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 520 (9th Cir.1984).[1] This court has not heretofore decided whether a defendant may raise an affirmative defense for the first time in a dispositive motion, or whether failure to raise

---

[1] Appellee suggests that the standard of review should be abuse of discretion, citing a case in which the Third Circuit held that the trial court did not abuse its discretion by considering an affirmative defense raised for the first time on dispositive motion. Brief for Appellees 7 n.3 (citing *Kleinknecht v. Gettysburg College*, 989 F.2d 1360, 1374 (3rd Cir.1993)). Although the court in *Kleinknecht* apparently analyzed the waiver issue in terms of abuse of discretion, it did not have to determine afresh the legal ques-

tion of whether Rule 8(c) permitted unpled defenses to be raised on dispositive motion, because the Third Circuit had already decided the issue. *See Charpentier v. Godsil*, 937 F.2d 859, 863–64 (3rd Cir.1991). Unlike the court here, which must interpret Rule 8(c) for itself and hence reviews *de novo*, the court in *Kleinknecht* merely had to apply the Third Circuit's analysis to see if the District Court had abused its discretion.

the defense in pleadings constitutes forfeiture under Rule 8(c). The language of Rule 8(c) itself requires that the defense of statute of limitations be raised affirmatively in "a pleading to a preceding pleading." FED. R.CIV.P. RULE 8(c). Although the Rules do not explicitly mention waiver or forfeiture as the consequence of failure to follow Rule 8(c), it is well-settled that "[a] party's failure to plead an affirmative defense ... generally 'results in the waiver of that defense and its *exclusion from the case.*'" *Dole v. Williams Enterprises, Inc.*, 876 F.2d 186, 189 (D.C.Cir. 1989) (emphasis in original, quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1278 (1990)). More specifically, "[r]eliance on a statute of limitations is an affirmative defense and is waived if a party does not raise it in a timely fashion." *Banks v. Chesapeake and Potomac Telephone Co.*, 802 F.2d 1416, 1427 (D.C.Cir.1986) (citations omitted).[2]

The Supreme Court has explained that the purpose of the pleading requirement of Rule 8(c) "is to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate." *Blonder–Tongue Lab. v. University of Illinois Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788 (1971). The same rationale the Court invoked regarding collateral estoppel applies with equal or greater force to the defense of the statute of limitations, where a party may require notice and time not only to frame legal arguments, but to establish relevant facts that might affect the applicability of the statute of limitations. The pleading requirement of Rule 8(c) gives the opposing party notice of the defense of untimeliness and permits the party to develop in discovery and to argue before the District Court various

responses to the affirmative defense. These responses could include, for example, facts and legal arguments that require the tolling of the statute, whether by action of law, by agreement of the parties, or by equitable means.

As its name implies, notice pleading relies on the principle of fair notice "to secure the just, speedy, and inexpensive determination" of actions, FED.R.CIV.P. Rule 1. Where the old forms of action delimited the kinds of arguments that parties could make according to the forms they chose, notice pleading aims to produce a general chart of possible claims and defenses available to the parties before they embark on the voyage of litigation. *Cf. Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957) (purpose of Rules is to give "fair notice of what the ... claim is"). A party must make strategic decisions about how to proceed, and can plot its course adequately only if it can anticipate which issues will dispose of the case. Failure to raise an affirmative defense in pleadings deprives the opposing party of precisely the notice that would enable it to dispute the crucial issues of the case on equal terms. The structure of the Federal Rules therefore demands notice pleading of affirmative defenses as a crucial element of its overall conception of the progress of a lawsuit.

■ At the same time, the Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48, 78 S.Ct. at 103. For this reason, Rule 15 provides a mechanism whereby a party who harmlessly failed to plead an affirmative defense may find satis-

---

**2.** Although the courts appear uniformly to use the term "waiver" to describe the consequence of failure to plead an affirmative defense, the more precise term "forfeiture" better captures the courts' meaning: "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *U.S. v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (internal quotation and citations omitted). Failure to plead an affirmative defense under Rule 8(c) constitutes failure to make a timely assertion of the defense. The failure to plead need not be intentional for the party to lose its right to raise the defense. The possibility of subsequent recovery of the defense through formal or de facto amendment under Rule 15, *see* discussion *infra*, supports the conclusion that loss of the affirmative defense under Rule 8(c) constitutes forfeiture, not waiver. A Rule 15 amendment, if allowed by the trial court, will cure any problem of timeliness associated with forfeiture. However, if a party "waives," *i.e.*, intentionally relinquishes or abandons an affirmative defense, no cure is available under Rule 15.

faction. Rule 15(a) permits amendment of any pleading "as a matter of course" before a response or within twenty days for a pleading to which no response is appropriate. FED.R.CIV.P. Rule 15(a). This provision permits easy amendment in a situation where no significant developments in the case have occurred and where little time has passed. Subsequently, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* Where a matter has gone to trial and parties have litigated the unpled issues by express or implied consent, Rule 15(b) may render a failure to amend irrelevant.[3] Here, the case was decided on a motion for summary judgment, and so Rule 15(b) did not apply.

The provision of Rule 15(a) allowing amendment with leave of court gives the District Court discretion and direction. It instructs the District Court to determine the propriety of amendment on a case by case basis, using a generous standard:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The District Court possesses sufficient familiarity with the circumstances of a case to exercise its discretion wisely and determine whether any of the five enumerated *Foman* factors, or others implied by the Court's "etc.," apply in a given case.

We recognize that, rather than requiring amendment under Rule 15(a), some circuits permit parties to raise affirmative defenses for the first time in dispositive motions where no prejudice is shown. *See, e.g., Blaney v. United States,* 34 F.3d 509, 512 (7th Cir.1994) (unpled untimeliness defense could be raised in motion to dismiss); *Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993) (affirmative defense may be raised at summary judgment absent prejudice); *Kleinknecht v. Gettysburg College,* 989 F.2d 1360, 1374 (3d Cir.1993) (affirmative defense may be raised at summary judgment absent prejudice); *Moore, Owen, Thomas & Co. v. Coffey,* 992 F.2d 1439, 1445 (6th Cir.1993) (affirmative defense may be raised in response to summary judgment motion); *Ball Corp. v. Xidex Corp.,* 967 F.2d 1440, 1443-44 (10th Cir.1992) (raising affirmative defense in summary judgment motion preserved defense for trial three months later). This approach subtly alters the structure dictated by Rules 8(c) and 15(a) in two ways. First, it apparently relieves the moving party of the need to request amendment, and the District Court of the need to state and explain its grant of leave to amend, so long as the opposing party does not show prejudice. This change allows parties to omit affirmative defenses in pleadings strategically, in violation of the notice purpose. It will often prove difficult for a party to support a claim of prejudice in circumstances involving only inconvenience or surprise. And, by the time the opposing party raises the prejudice claim, a strategic advantage may already have been gained by the party who failed to amend its pleading. By contrast, if the District Court systematically follows the procedural structure required by Rules 8(c) and 15(a), it can

---

**3.** Rule 15(b) applies "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties," and envisages a somewhat different scheme of burdens than Rule 15(a), commensurate with the later stage of the proceedings. Because a case decided on motion for summary judgment does not reach trial, Rule 15(b) does not apply in deciding the question of whether a party has forfeited unpled affirmative defenses when it raises them for the first time in dispositive motion. *See Crawford v. Gould,* 56 F.3d 1162, 1168-69 (9th Cir.1995) ("The present case did not go to trial; it was decided on motions for summary judgment. Therefore, the situation which Rule 15(b) addresses simply did not arise in the present case.") *But cf. Walton v. Jennings Community Hospital,* 875 F.2d 1317, 1321 n. 3 (7th Cir.1989) ("[A]lthough the amendment was effected during consideration of a motion for summary judgment rather than at trial, it is fully consonant with the spirit of Rule 15(b) and existing case law to view the pleadings as constructively amended here.").

conduct its own inquiry in every case into the circumstances of the delay, and need not rely solely on a convincing showing of prejudice by one party. It likely will articulate the basis for the amendment, and will not simply approve it as a matter of course.

Second, automatically permitting late raising of affirmative defenses where no prejudice has occurred reduces the multifarious reasons for denying leave to amend envisioned by the Court in *Foman* to the single, non-exhaustive factor of prejudice. Improper circumstances such as "undue delay, bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed," *Foman*, 371 U.S. at 182, 83 S.Ct. at 230, do not necessarily result in quantifiable prejudice to an opposing party. Nonetheless, taken collectively rather than individually, they may undercut the fairness and efficiency of litigation generally. Strategic or merely lazy circumventions of a legal process grounded in a sound policy have the effect of eroding the regularized, rational character of litigation to the detriment of practitioners and clients alike.

When an opposing party does receive notice of a previously unpled defense when a dispositive motion is filed, it lacks the advance notice required by Rule 8(c) that would have enabled it to develop factual and legal defenses fully. Although an opposing party may introduce affidavits in response to a motion for summary judgment, FED.R.CIV.P. Rule 56(c), as Appellant did in this case, affidavits will not always suffice to provide adequate evidence for the defenses proposed. Frequently, mounting a proper defense will necessitate further discovery, which may not be possible in the time allotted to respond to the motion. Rule 15(a) authorizes the District Court to allow amendment, but this does not mean it would be unduly formalistic for the District Court to deny amendment to a strategic litigant who intentionally neglected to plead a defense. To the contrary, denying leave to amend to such a litigant would serve, not impede, the interests of substantive justice.

■ In order to preserve the notice purpose of Rule 8(c) and the discretionary struc-

ture of Rule 15(a), we hold that Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion. The Fifth Circuit has interpreted Rule 8(c) similarly. *See Ashe v. Corley*, 992 F.2d 540, 545 n. 7 (5th Cir.1993); *Funding Systems Leasing Corp. v. Pugh*, 530 F.2d 91, 96 (5th Cir.1976) (unpled affirmative defense cannot be raised on summary judgment unless summary judgment motion is first responsive pleading). *But cf. Lucas v. United States*, 807 F.2d 414, 417–18 (5th Cir.1986) (unpled affirmative defense not waived when raised at trial at "pragmatically sufficient time").

There is no reason to fear that procedural formalism will displace substantive justice here, because a party may request, and the District Court shall freely give, leave to amend the pleadings under Rule 15(a) when justice requires. The District Court must not simply consider the defense in deciding the summary judgment motion. The procedural requirement that the District Court await a request for leave to amend, and grant or deny leave based on the circumstances of the case, is not empty formalism but the logical consequence of a system of rules that strives to achieve fairness without rigidity. On its face and on its logic, Rule 8(c) requires that a party actually plead its affirmative defenses, not that it plead them only in those cases where failure to plead would result in prejudice to the opposing party.

On remand, if the Department petitions for leave to amend the pleadings, the District Court may consider that request within the framework specified by the Court in *Foman* in deciding whether to grant leave to amend under Rule 15(a). It may grant or deny leave, and thus permit or exclude the defense of untimeliness. Our holding requires only that the District Court await a request of leave to amend and consider that request in its good discretion.

## B. *Supplemental Jurisdiction*

■ We review the District Court's dismissal for want of jurisdiction *de novo*, because the District Court dismissed on the

grounds that it lacked the original jurisdiction necessary for supplemental jurisdiction under 28 U.S.C. § 1367(a), and not on the grounds that it was exercising its discretion to dismiss supplemental claims remaining after dismissal of original claims as authorized by 28 U.S.C. § 1367(c)(3). Even if the District Court grants leave to amend the Defendant's answers to include the untimeliness defense, and accordingly grants summary judgment to the Department on untimeliness grounds, it may still retain supplemental jurisdiction over Appellant's reprisal claims. Under 28 U.S.C. § 1367(a), the District Court has supplemental jurisdiction over related claims when it has original jurisdiction over the initial claim. Here, the District Court did not have original jurisdiction over Appellant's reprisal claims, for which administrative remedies had not been exhausted. Instead the District Court had supplemental jurisdiction over the reprisal claims, which arose out of the charge properly before the court. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir.1992); *Gupta v. East Texas State Univ.*, 654 F.2d 411, 413 (5th Cir.1981).

Although it did not invoke 28 U.S.C. § 1367, and cited only an unreported case which predated the statute, *Johnson v. General Elec.*, 1987 WL 14821 (D.Mass.1987), the District Court dismissed on the grounds that it lacked the original jurisdiction necessary for supplemental jurisdiction under § 1367(a). It wrote that "[t]his Court cannot exercise supplemental jurisdiction over plaintiff's reprisal claims . . . because the original Title VII claim was *never* properly before this court [sic]." Appellant's App. 59 (emphasis in original).

The District Court erred in this analysis. We have held that the statute of limitations in Title VII cases under 42 U.S.C. § 2000e–16(c) is not jurisdictional. *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C.Cir.1988). Thus, when the District Court dismissed Harris's Title VII suit on untimeliness grounds, it did not follow that the original claim was never properly before the court. The claim was before the court as a jurisdictional matter, but purportedly failed on a substantive defense.

When the District Court has dismissed claims properly before it, it retains discretion to decide whether or not to dismiss other claims as to which it may exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). It may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* The discretionary language of the statute makes it clear that the court may also choose to preserve its supplemental jurisdiction.

In remanding to the District Court, we note that if Appellant's underlying claim is dismissed for untimeliness, then the underlying claim will remain unlitigated. Under those circumstances, it would be appropriate for the District Court to weigh the fact that administrative remedies have not been exhausted on the reprisal claims in deciding whether to exercise its supplemental jurisdiction over them. Although the District Court has discretion to entertain unexhausted Title VII reprisal claims, and retains that discretion in this case, it will normally hear such claims alongside the underlying discrimination claim. Where the District Court will not hear the underlying discrimination claim, requiring exhaustion of administrative remedies may obviate the need to hear the case at all.

### III. CONCLUSION

For the foregoing reasons, the District Court's grant of summary judgment and dismissal of Appellant's reprisal claims are reversed and remanded for further proceedings consistent with this opinion.

*So ordered.*