Marilyn SIMPKINS, Plaintiff,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.

No. CIV. A. 95–237 SSH.

United States District Court, District of Columbia.

May 1, 1998.

Alan Banov, Washington, DC, for Plaintiff.

Robert John Kniaz, Gerald Joseph Steif, Donald J. DeSisto, Washington, DC, for Defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

On October 10, 1997, the Court of Appeals issued a *per curiam* order which affirmed in part and reversed in part this Court's dismissal of plaintiff's action.[1] The Court of Appeals remanded Counts I and II for further proceedings. Count I alleges that defendant, plaintiff's employer, discriminated against her in violation of the Rehabilitation Act and the Americans with Disabilities Act either because of her record of disabilities or its misperception that she was unable to work due to a disability. Count II alleges that defendant discriminated against her on the basis of her sex and race in violation of Title VII.

Currently before the Court are defendant's "Motion To Amend Statement in Prior Reply and To Renew a Motion for Summary Judgment Based on a 90–Day Statute of Limitations" ("motion to amend and renew"), plaintiff's opposition, and defendant's reply. Defendant moves the Court to: (1) permit defendant to amend the statement in its July 12, 1996, reply to plaintiff's opposition to defendant's motion for summary judgment regarding the timeliness of plaintiff's filing of suit; (2) renew its May 24, 1996, motion for summary judgment on the ground that plaintiff's action is time-barred because she failed to file her complaint within the 90–day statute of limitations set forth in 42 U.S. § 2000e–5(f)(1); and (3) grant summary judgment for defendant on that ground.[2] Plaintiff contends that defendant's motion should be denied because (1) defendant affirmatively waived the defense that the complaint was not timely filed, and (2) defendant has presented no evidence supporting its contention that plaintiff's complaint was not filed within the 90–day period of limitation.

---

1. Although defendant had filed a motion for summary judgment, this Court treated it as a motion to dismiss.

2. The Court notes that the procedural requirements set forth in 42 U.S.C. § 2000e–5 apply not only to actions brought pursuant to Title VII, but also to those brought pursuant to the ADA and the Rehabilitation Act. See 42 U.S.C. § 12117(a); 29 U.S.C. § 794(a).

Defendant counters that it expressly asserted a statute of limitations defense in its answer and that its subsequent withdrawal of that defense was based upon a misstatement that was made in plaintiff's opposition to defendant's motion for summary judgment and its own consequent miscalculation of the time period. Defendant argues that, should amendment be permitted, plaintiff's own representations support the conclusion that she failed to file her action within the 90–day period of limitation.

The Court grants defendant's motion to amend its reply and to renew its motion for summary judgment. The Court also grants defendant's renewed motion for summary judgment on the ground that plaintiff's suit is time-barred.

### I. *Amendment and Renewal of Defendant's Summary Judgment Pleadings*

■ The Court first addresses plaintiff's contention that amendment of defendant's reply to plaintiff's opposition to defendant's summary judgment motion should not be permitted because defendant had waived the 90–day statute of limitations argument prior to the filing of its reply. Plaintiff contends that defendant failed to assert this defense in its answer to the complaint and thus waived it at that early stage of the case. Plaintiff bases this contention on defendant's admission in its answer that the Court has jurisdiction over the action pursuant to Section 81 of the WMATA Compact and its statement that it was without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that her administrative remedies had been exhausted. Defendant contends that its answer raised any applicable statute of limitations as its twelfth defense. Defendant also notes that the statute of limitations defense was specifically supported by defendant's denial of plaintiff's assertion that plaintiff's suit was filed within 90 days of plaintiff's receipt of the EEOC's right-to-sue letter. The Court concludes that defendant sufficiently pleaded a statute of limitations defense in its answer to avoid

waiver of the argument that plaintiff's action is time-barred.

Accordingly, the Court turns to the question of whether defendant's subsequent concession of this defense in its reply to plaintiff's opposition to defendant's motion for summary judgment may now be withdrawn. Defendant contends that it conceded that plaintiff had filed her action within the required 90–day on the basis of plaintiff's assertion in her opposition to the motion to dismiss that February 3, 1995 (the date on which the complaint was filed) was the 90th day after November 4, 1994 (the date on which plaintiff asserted in her affidavit that she had received the EEOC's right-to-sue letter). When recalculating the number of days between November 4, 1994, and February 3, 1995, after receiving plaintiff's opposition to defendant's motion for summary judgment, defense counsel miscalculated the number of days and reached the same conclusion as plaintiff. Both parties now recognize that February 3, 1995, was actually the 91st day after November 4, 1994.[3]

Because the 90–day statute of limitations defense was withdrawn by defendant in its reply, this Court did not consider it in its opinion dismissing plaintiff's action. The Court of Appeals declined to address the issue, stating that "[o]n appeal, WMATA seeks for the first time to withdraw [the concession of the 90–day statute of limitations defense] ... but the time for noticing such an error has passed." *Simpkins v. WMATA*, 1997 WL 702349, *6 (D.C.Cir.1997) (unpublished). Although the Court of Appeals rejected defendant's motion for rehearing regarding the application of the 90–day statute of limitations, Judge Williams noted that the Court of Appeals' decision "did not address, one way or the other, whether the District Court may or may not, on motion, grant leave for WMATA to amend the statement in its reply to the opposition for summary judgment regarding the timeliness with which plaintiff filed this action in light of the 90–day limitations period." (Nov. 26, 1997,

---

**3.** Plaintiff now contends that the date on which she received the EEOC's right-to-sue letter was November 5, 1994, rather than November 4, 1995. Using November 5, 1994, as the trigger-

ing date for counting the 90–day statute of limitations, February 3, 1995, falls within the permitted period for filing.

Order denying rehearing.) This Court concludes that the Court of Appeals refused to consider this issue merely because it was raised for the first time on appeal, but did not reject the argument on the merits.

■ Federal Rule of Civil Procedure 15(a) permits a defendant to move for leave to amend its pleading and provides that such "leave shall be freely given when justice requires." *See Harris v. Secretary, U.S. Dept. of Veterans Affairs*, 126 F.3d 339, 341 (D.C.Cir.1997). This Court, exercising the discretion conferred upon it by Rule 15(a), must "determine the propriety of amendment on a case by case basis using a generous standard." *Id.; see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Leave to amend should be granted " 'in the absence of any apparent or declared reason—such as undue delay, bad faith, dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Atchinson v. District of Columbia*, 73 F.3d 418, 425–26 (D.C.Cir.1996) (quoting *Foman*, 371 U.S. at 182).

Defendant argues that leave for such an amendment should be given because its withdrawal of the 90–day statute of limitations defense was prompted by its reliance on a misstatement of fact by plaintiff and no prejudice would be caused plaintiff by an amendment of the reply. Plaintiff contends that defendant "intentionally relinquish[ed] or abandon[ed][its] affirmative defense" regarding the 90–day statute of limitations and, thus, "no cure is available under Rule 15." *Harris*, 126 F.3d at 343, n. 2. Plaintiff also contends she would be unfairly prejudiced by the dismissal of this action after three years of prosecution on the ground that it was untimely filed by one day. *See Gordon v. National Youth Work Alliance*, 675 F.2d 356, 359 (D.C.Cir.1982) (stating that the 90–day statute of limitations is subject to the doctrine of equitable tolling).

The Court concludes that justice requires that the Court permit defendant to amend its reply to plaintiff's opposition to defendant's motion for summary judgment. Because defendant's withdrawal of its statute of limitations defense was based upon an apparently inadvertent misstatement of fact by plaintiff and defendant's consequent miscalculation of the limitations period, the Court does not consider defendant's prior withdrawal of the defense to have constituted an intentional waiver barring amendment. *See Harris*, 126 F.3d at 343, n. 2.

Furthermore, the Court concludes that the amendment of the reply would not unduly prejudice plaintiff. Plaintiff appears to contend that she would be prejudiced in two ways: (1) by the undue delay caused by the amendment, and (2) by the fact that the reinstatement of the defense might result in the dismissal of her case. Although leave to amend may be denied on the basis of undue delay, "[c]onsideration of whether delay is undue ... should generally take into account the actions of other parties and the possibility of any resulting prejudice." *Atchinson*, 73 F.3d at 426 (citing *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C.Cir.1981) and *Hayes v. New England Millwork Distribs., Inc.* 602 F.2d 15, 19 (1st Cir.1979) (noting that "courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party.")). As discussed above, plaintiff's initial error in calculation contributed at least in part to defendant's subsequent miscalculation and defendant's current need for an amendment. Furthermore, plaintiff has asserted no prejudice—such as the unavailability of evidence—resulting from the delay in defendant's assertion of the statute of limitations defense other than the fact that such amendment might result in the dismissal of her action. Common sense dictates that the fact that the proffered defense might be successful does not constitute cognizable prejudice under Rule 15(a) since one of the grounds for denying amendment is futility—that the amendment would have no practical effect. *Atchinson*, 73 F.3d at 425. The Court concludes that the grant of defendant's motion to amend would not result in undue prejudice to plaintiff. Accordingly, the Court grants defendant's motion for leave to amend its reply to plaintiff's opposition to defendant's motion for summary judgment and to renew

its July 12, 1996, motion for summary judgment on the ground that plaintiff's action is barred by the 90–day statute of limitations. *See* Fed.R.Civ.P. 15(a); *Harris,* 126 F.3d at 341.

## II. *Defendant's Motion for Summary Judgment*

### A. *Legal Standard*

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, all evidence and the inferences to be drawn from it must be considered in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tao v. Freeh,* 27 F.3d 635, 638 (D.C.Cir.1994). Summary judgment cannot be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* (emphasis in original). Although findings of fact and conclusions of law are unnecessary in ruling on a summary judgment motion, *see* Fed.R.Civ.P. 52(a), the Court nonetheless sets forth its reasoning.

### B. *Analysis*

 Plaintiff contends that defendant has presented no evidence supporting its contention that plaintiff received the EEOC's right-to-sue letter on November 4, 1994, which is 91 days prior to the date on which

plaintiff filed her action, February 3, 1995. Plaintiff asserts that the actual date on which plaintiff received the EEOC's right-to-sue letter was November 5, 1994, which would place the filing date of plaintiff's complaint within the 90–day statute of limitations. Although plaintiff admits that she has no direct evidence that November 5, 1994, rather than November 4, 1994, is the actual date of receipt, she argues that the best evidence of the correct date is her assertion that her attorney marked 90 days off on his calendar from the date on which she received the letter and the 90th day was February 3, 1994, which is the 90th day after November 5, 1994. Defendant argues that plaintiff's assertion in her complaint and the memorandum of points and authorities supporting her opposition to defendant's motion for summary judgment that she received the letter "on or about November 4, 1997" establish that the actual date of receipt was November 4, 1994. Furthermore, defendant notes that plaintiff stated in an affidavit supporting her opposition to defendant's motion for summary judgment that she did not receive a copy of the EEOC's right-to-sue letter "until November 4." [4] Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Exh. D.

Federal Rule of Civil Procedure 56(e) provides: "[w]hen a motion for summary judgment is made and supported as provided in this rule, ... the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Defendant's motion and supporting materials are clearly adequate to shift the burden to plaintiff to provide a response which complies with the standard set forth above. Although plaintiff concedes that she has no direct evidence that the correct date is November 5, 1994, rather than November 4, 1994, she states that it is her "attorney's business practice to mark on his calendar deadlines imme-

---

4. Plaintiff asserts in her affidavit that she received the right-to-sue letter on November 4, 1994, that she filed her complaint on February 3, 1995, and that the complaint was filed on the 90th day after she received the right-to-sue letter. Only one of these assertions is peculiarly within the knowledge of the plaintiff—the date on which she received the right-to-sue letter. The public record reflects the date on which the complaint was filed and the Court is capable of making the mathematical calculation itself using the dates provided by plaintiff and the record. Based upon the above dates, the 90th day is February.2, 1995.

diately upon ... notification of receipt by his client of 'event-triggering' documents." Plaintiff's Opposition to Defendant's Motion To Amend and Renew at 5. Although plaintiff attaches what appear to be calendar entries by her attorneys noting that the complaint was due on February 3, 1997 (supposedly indicating that the EEOC's right-to-sue letter was received on November 5, 1994), plaintiff provides no supporting affidavit by her attorney attesting under oath to his business practices or the authenticity, nature, or meaning of the calendar entries. Accordingly, the Court concludes that plaintiff has failed to counter defendant's motion with materials satisfying the requirements of Rule 56.[5] *See Goldman v. Summerfield,* 214 F.2d 858, 859 (D.C.Cir.1954); *Sardo v. McGrath,* 196 F.2d 20, 22–23 (D.C.Cir.1952). Thus, in light of the fact that plaintiff has provided no admissible evidence rebutting defendant's substantiated contention that plaintiff received the EEOC's right-to-sue letter on November 4, 1994, the Court concludes that plaintiff has failed to demonstrate that a material issue of genuine fact exists as to the date on which plaintiff received the right-to-sue letter.[6]

■ The Court notes that even had it concluded that plaintiff had established that a material issue of genuine fact existed regarding whether plaintiff received the right-to-sue letter on November 4, 1997, or November 5, 1997, it would nonetheless grant

defendant's motion for summary judgment on the ground that the triggering date for the 90-day limitation period is not the date on which plaintiff actually received the EEOC's right-to-sue letter, but the date on which she received notice from the Postal Service that the letter was available for pickup. *See Watts-Means v. Prince George's Family Crisis Center,* 7 F.3d 40, 42 (4th Cir.1993) (noting that "[r]equiring actual pickup [from the Post Office] to trigger the period would allow (3)27 manipulation of the limitations period"). *See also Million v. Frank,* 47 F.3d 385, 388 (10th Cir.1995) ("In the absence of equitable considerations demanding a different result, receipt at a plaintiff's address of the right to sue letter constitutes receipt sufficient to start the running of the time period for filing a discrimination action."). *Cf. Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 92–94, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (stating that plaintiff's attorney's receipt of the EEOC's right-to-sue letter could trigger the limitations period regardless of whether plaintiff himself had actual notice of receipt); *Rowe v. Sullivan,* 967 F.2d 186, 191 (5th Cir.1992) (receipt of agency determination by plaintiff's wife triggered limitations period). Plaintiff admits in her opposition to defendant's motion to amend that a Postal Service notice regarding the right-to-sue letter was left for plaintiff on October 27, 1994. Measuring the 90-day period from the date on which plaintiff was

**5.** Rule 56(e) notes that the adverse party to a proper motion for summary judgment must respond "by affidavits or as otherwise provided by this rule." Rule 56(c) lists the other materials which the Court may consider pursuant to Rule 56 in determining whether a genuine issue of material fact exists: "pleadings, depositions, answers to interrogatories, and admissions on file."

**6.** The Court notes that even if plaintiff had properly supported her contention that her attorneys' business practice was to promptly mark due dates on a calendar, the Court does not believe that such evidence would be sufficient to create a genuine issue of material fact. The Court notes that plaintiff's attorneys clearly miscalculated the limitations period—either in initially counting from the date of receipt forward or subsequently counting backwards from the due date marked on his calendar to the presumed date of receipt. Plaintiff's proffered evidence would shed no light on the question of at which time plaintiff's attorney made the miscalculation. Instead plaintiff

merely asserts "what must have happened was that the receipt was actually on November 5, 1994, since February 3, 1995 was unquestionably the 90th day, and in preparing plaintiff's complaint and her affidavit, plaintiff's counsel or his associate must have erred in counting backwards from February 3, 1995." Plaintiff's Opposition to Defendant's Motion To Amend and Renew at 8. This statement indicates that neither plaintiff nor her attorneys have any knowledge regarding the time at which the error occurred, but are relying on mere speculation. In light of plaintiff's definite assertion regarding the date in her affidavit, the Court concludes that plaintiff's current speculation regarding the origin of that date would not be sufficient to create a genuine issue of material fact. *Cf. Dotson v. United States Postal Serv.,* 977 F.2d 976, 978 (6th Cir.1992) ("A party cannot create a factual dispute by filing an affidavit, after a motion for summary judgment has been made, which contradicts earlier testimony.").

notified of the letter's arrival, plaintiff's action is clearly time-barred.

Plaintiff finally contends that if the court concludes that no question of material fact exists regarding the timeliness of plaintiff's complaint, it should exercise its discretion to apply the doctrine of equitable tolling and deny defendant's motion for summary judgment. Defendant contends that plaintiff's only argument for such equitable tolling is that she miscalculated the date on which her complaint was due. Defendant contends that the tolling of the statute of limitations period for such an error would render such statutes of limitations meaningless.

The Supreme Court has stated that equitable tolling should be extended "only sparingly" and that it should not be extended to a "garden variety claim of excusable neglect." *Irwin*, 498 at 95–96 (1990). This Circuit, similarly emphasizing the narrow scope of the equitable tolling doctrine, stated, "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." *Mondy v. Secretary of the Army*, 845 F.2d 1051 (D.C.Cir.1988). The Court concludes that the circumstances of this case do not justify equitable tolling and, thus, grants defendant's motion for summary judgment on the ground that plaintiff's action is time-barred.

### Conclusion

The Court grants defendant's motion to amend its reply to plaintiff's opposition to defendant's motion for summary judgment and to renew its motion for summary judgment. The Court further grants defendant's renewed motion for summary judgment. An appropriate Order accompanies this Opinion.