**Regina DLUGASH, doing business as Douglas Enterprises and Jack Dlugash, Petitioners-Appellants,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent-Appellee.**

**No. 330, Docket 30891.**

United States Court of Appeals
Second Circuit.

Argued Feb. 10, 1967.

Decided Feb. 21, 1967.

Alan C. Levy, Brooklyn, N. Y. (Stetter & Levy, Brooklyn, N. Y. on the brief), for petitioners-appellants.

Walter P. North, Associate General Counsel, Securities and Exchange Commission (Philip A. Loomis, Jr., General Counsel, Jacob H. Stillman, and Theodore S. Kaplan, Attys., Securities and Exchange Commission, Washington, D. C., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

Regina Dlugash, d/b/a Douglas Enterprises, and Jack Dlugash, individually, petition this court for review of an order of the Securities and Exchange Commission which revoked the broker-dealer registration of Douglas Enterprises, expelled Douglas from membership in the National Association of Securities Dealers, and found Jack Dlugash a "cause of the order." The order was based on the Commission's finding that petitioners had willfully violated the anti-fraud and anti-manipulation provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934 [1] in their marketing of the securities of Diversified Funding, Inc.

Douglas Enterprises sold some 3,000 shares of Diversified to the investing public; most of these shares were purchased by Douglas from F. S. Johns & Co., an organizer of Diversified. In effecting the sales, Douglas's salesmen showed their customers a "Special Research Report" which had been received from F. S. Johns and which contained grossly misleading statements about the prospects of Diversified. In addition, Douglas entered an arrangement with F. S. Johns whereby Douglas would enter bids and ask quotations for Diversified shares at prices supplied by F. S. Johns and in return F. S. Johns would repurchase at a profit to Douglas any shares which Douglas might be required to buy because of its bids. F. S. Johns made similar arrangements with other broker-dealers, and under this manipulative scheme the market price of Diversified shares more than doubled in less than six weeks. The Commission further found that Douglas, as a statutory underwriter of Diversified securities, had violated Rule 10b–6 which prohibits a distributor or underwriter from bidding for or purchasing shares prior to the completion of its participation in the distribution. F. S. Johns, as a distributor, also violated Rule 10b–6, and the Commission held that Douglas had aided and abetted F. S. Johns in that violation.

Petitioners argue that there was insufficient evidence to support the Commission's conclusion that their violations were willful under § 15(b) (5) (D) of the Exchange Act (as amended), 15 U.S.C. § 78o(b) (5) (D). They claim that they knew neither that the Special Research Report was false nor that their bid and ask quotations for Diversified shares were part of a manipulative scheme. The short answer is that if they did not know, the circumstances were such that they should have. The Dlugashes had seen Diversified's financial statements and knew that its condition was not favorable. They had seen the highly colored Special Research Report; and they knew that their salesmen, whom they had instructed to sell Diversified shares, were showing the Report to customers. With regard to manipulation, the Dlugashes knew that there was no demand for Diversified stock. Moreover, rapidly rising prices in the absence of any demand are well-known symptoms of such unlawful market operations. See Gob Shops of America, Inc., 39 S.E.C. 92, 101 (1959). These attendant conditions were more than sufficient to put the petitioners on notice that something was wrong. Under such circumstances they were under a duty to investigate, and their violation of that duty brings them within the term "willful" in the Exchange Act. As this court recently said with respect to "willful" in the criminal provisions of the Securities Act,

"[T]he Government can meet its burden by proving that a defendant deliberately closed his eyes to facts he had a duty to see * * * or recklessly stated as facts things of which he was ignorant."

United States v. Benjamin, 328 F.2d 854, 862 (2 Cir. 1964). See also Stone v.

1. § 17(a) of the Securities Act, §§ 10(b) and 15(c) (1) of the Exchange Act; 15 U.S.C. §§ 77q(a), 78j(b), and 78o(c) (1).

United States, 113 F.2d 70, 75 (6 Cir. 1940); United States v. Schaefer, 299 F.2d 625, 629 (7 Cir.), cert. denied, 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497 (1962).

Petitioners' remaining objections need not be discussed in any detail. Since petitioners have been properly found guilty of willful violations, they obviously cannot claim insufficient notice to meet the requirements of § 9(b) of the Administrative Procedure Act [5 U.S.C. § 558(c)] since that statute according to its own terms does not apply "in cases of willfulness. * * *" 2 Loss, Securities Regulation 1312–13 (2d ed. 1961). The Commission's staff counsel were not required to supply petitioners with an advance list of all its witnesses. Cf. Morris J. Reiter Co., 39 S.E.C. 484 (1959). Petitioner Jack Dlugash was not prejudicially misled by the Commission's staff investigators; they specifically told him that anything he said might be used against him and that he had a right to counsel. The Examiner did not abuse his discretion in permitting an adjournment in the testimony of one of the Commission's witnesses even though it had the effect of delaying the interrogation afforded by the Jencks Act (18 U.S.C. § 3500). Since the statutory requirement of disclosure was intended only to facilitate the impeachment of the witness on cross-examination [See Palermo v. United States, 360 U.S. 343, 349, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959)], no rights of the petitioners under the statute were prejudiced by the delay. Petitioners cffer no support for their claim that the Commission improperly relied on inadmissible pre-trial statements of Jack Dlugash. Finally, they also complain that other parties in the proceeding before the Commission "got off easier" than they did, but, even if this were so, it is irrelevant because the sanctions imposed upon the petitioners were well within the Commission's discretion.

The order is affirmed and the petition is dismissed.