Joseph **WINKLER** and Louis Chazan, Individually and doing business as Winkler, Chase Company, Petitioners,

v.

**SECURITIES AND EXCHANGE COMMISSION**, Respondent.

No. 430, Docket 30940.

United States Court of Appeals Second Circuit.

Argued May 4, 1967.

Decided May 23, 1967.

Bernard J. Coven, New York City, for petitioners.

Walter P. North, Associate Gen. Counsel, Securities and Exchange Commission (Philip A. Loomis, Jr., Gen. Counsel, Theodore S. Kaplan, Atty., Washington, D. C., on the brief), for respondent.

Before WATERMAN, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

Petitioners Joseph Winkler and Louis Chazan individually and as a partnership, Winkler, Chase Company, appeal from an order of the Securities and Exchange Commission, in proceedings involving petitioners and five other broker-dealer firms and various persons associated

with them. The Commission found that appellants willfully violated the anti-fraud provisions,[1] and aided and abetted willful violations of the anti-manipulative provisions [2] of the federal securities laws; it revoked the broker-dealer registration of the partnership and barred the individual appellants from employment in the industry except as employees of a "broker-dealer in a non-managerial capacity upon a showing that they will be adequately supervised." F. S. Johns & Co., SEC Sec. Exch. Act Release No. 7972 (Oct. 10, 1966) (4–1).

▮ This court considered practically the same points raised on this appeal in affirming the same decision and order of the Commission as to two other appellants in Dlugash v. SEC, 373 F.2d 107 (2d Cir. 1967). Appellants' first argument here is that there was insufficient evidence to support the Commission's findings and order, particularly the finding of willfulness. However, under the definition of "willful" approved by this court in Dlugash, this argument is without merit.

▮ Petitioners, a small over-the-counter partnership, also claim that the sanction imposed upon them was unduly harsh and deliberately discriminatory; they point to the much lighter penalty of a sixty-day suspension from the National Association of Securities Dealers, Inc. accorded co-defendant Reuben Rose & Co., Inc., a large firm dealing primarily in listed stocks. The claim that other parties " 'got off easier' " was also made in Dlugash; it was denied with the observation that the sanctions imposed "were well within the Commission's discretion." We would let the matter rest there save for one observation. Agency bias against a small firm, or for that matter for or against anyone, is a serious thing, and this court will be watchful against it. But petitioners have failed to demonstrate discrimination in this case. Reuben Rose employs about one hundred persons; Winkler, Chase consisted solely of the two appellants. Both appellants were directly involved in the violations found, whereas only one individual at Reuben Rose had directly participated in or had knowledge of the illegal activities. Reuben Rose was penalized for lack of supervision over this employee. Moreover, the latter, whose conduct implicated Reuben Rose, was given a more severe sanction than either appellant, having been barred—as appellants were not—from any future association with a broker-dealer.

The Commission's order is affirmed.

---

1. Section 17(a), Securities Act of 1933, 15 U.S.C. § 77q(a); §§ 10(b), 15(c) (1), Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78o(c) (1), and rules 10b–5 and 15c1–2 thereunder, 17 C.F.R. §§ 240.10b–5, 15c1–2 (1964).

2. Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and rule 10b–6 thereunder, 17 C.F.R. § 240.10b–6 (1964).