Laurie Jones CANADY, Petitioner,

v.

SECURITIES AND EXCHANGE
COMMISSION, Respondent.

No. 99–1407.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 11, 2000.

Decided Oct. 31, 2000.

Herbert E. Milstein argued the cause
for the petitioner.

Hope Hall Augustini, Counsel, Securities
and Exchange Commission, argued the
cause for the respondent. David M. Beck-
er, General Counsel, Eric Summergrad,
Deputy Solicitor, and Meyer Eisenberg,
Deputy General Counsel, Securities and
Exchange Commission, were on brief. Ja-
cob H. Stillman, Solicitor, Securities and
Exchange Commission, entered an appear-
ance.

Before: EDWARDS, Chief Judge,
HENDERSON and GARLAND, Circuit
Judges.

Opinion for the court filed by Circuit
Judge HENDERSON.

KAREN LeCRAFT HENDERSON,
Circuit Judge:

Laurie Jones Canady petitions for re-
view of two orders of the Securities and
Exchange Commission (SEC): the first
barred her from future association with
any securities broker or dealer and direct-
ed her to disgorge commissions for having
violated section 17(a) of the Securities Act
of 1933, 15 U.S.C. § 77q(a), section 10(b) of
the Securities Exchange Act of 1934, 15
U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R.
§ 240.10b–5, and the second denied recon-
sideration of the first. Canady challenges
the orders on the sole ground that most of
the violative conduct occurred more than
five years before the enforcement proceed-
ing was commenced and therefore fell out-
side the limitation period established in 28
U.S.C. § 2462.[1] The SEC concluded in its
review order that Canady had waived the

---

1. Section 2462 provides:

   Except as otherwise provided by Act of
   Congress, an action, suit or proceeding for
   the enforcement of any civil fine, penalty,
   or forfeiture, pecuniary or otherwise, shall
   not be entertained unless commenced with-

   in five years from the date when the claim
   first accrued if, within the same period, the
   offender or the property is found within the
   United States in order that proper service
   may be made thereon.
   28 U.S.C. § 2462.

defense by failing to argue it, even after one of the commissioners questioned her counsel about the defense during oral argument. We hold the SEC's waiver conclusion in the review order must be upheld as neither arbitrary nor capricious and that we lack jurisdiction to review the Commission's order denying reconsideration.

## I.

On October 25, 1994 the SEC Division of Enforcement commenced this proceeding alleging that from January 1988 to February 1990 Canady, a Davenport, Iowa registered securities broker, violated section 17(a), section 10(b) and Rule 10b–5 through fraudulent misrepresentations and nondisclosures and by conducting transactions that were unauthorized or not in the interests of her clients. JA 20–21. On October 31, 1995, after a two-week hearing, the administrative law judge (ALJ) issued an Initial Decision permanently barring Canady from association with the securities profession and ordering her to disgorge $136,382.28 in commissions improperly earned on the accounts of 14 investors. JA 243.

On December 4, 1995 Canady petitioned the Commission for review, and on December 7, 1995 the Commission granted review and set a briefing schedule. Canady filed her review brief on February 6, 1995. During oral argument on June 22, 1998, one of the commissioners asked Canady's counsel for his thoughts on "the applicability of *Patricia Johnson,*" referring to this court's June 21, 1996 decision in *Johnson v. SEC,* 87 F.3d 484 (D.C.Cir.1996), which held that an SEC enforcement action seeking censure and a six-month suspension from the securities profession is "an action, suit, or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise" within the meaning of 28 U.S.C. § 2462 and therefore subject to the statute's five-year limitation period. Counsel responded:

I think it's, I think it's striking because *Patricia Johnson* is a case that ultimately, because of the five years that went by, was a, I think a mistake to even proceed with. Here we have someone who, ten years ago almost ten years ago, left the business as we stand here today.

We were talking about, actually eight years, eight and a half years and you have to ask why are we doing—why are we pursuing this? Why did they pursue it? And I think that once they made that determination that this is a bad person who over reached her customers, the Commission was willing—the Division was willing to stop at almost nothing to see if they could not convict her of wrong doing.

JA 596. When asked later during the argument why he had not "raised the *Patricia Johnson* issue in the lower proceedings," counsel responded that he had not had an opportunity because the ALJ proceeding was concluded and the briefs on review already filed when *Johnson* issued. He further explained he did not believe he could file a reply brief under Commission rules, which he was "not, unfortunately, that familiar with." JA 615–16.

In an opinion and order dated April 5, 1999 the Commission upheld the ALJ's findings that Canady defrauded and mismanaged the accounts of the four clients who testified before the ALJ but rejected the ALJ's findings as to the other ten, non-testifying clients. The Commission's decision again ordered a lifetime bar from the securities industry and disgorgement, directing the disgorgement amount to be adjusted in accordance with the Commission's amended findings. Regarding section 2462 the Commission stated, in part:

It is well-established that " '[r]eliance on a statute of limitations is an affirmative defense and is waived if a party does not raise it in a timely fashion.' " Canady's failure to raise the statute of limitations in this case constitutes a waiver of that claim.

Even when asked directly at oral argument to address the applicability of *Johnson*, Canady's counsel responded only vaguely and without reference to Section 2462 that the proceedings should never have been instituted and now—having been appealed to us—were aged. Although the *Johnson* decision issued after briefing was completed in this case, the District of Columbia Circuit had applied section 2462 to administrative proceedings as early as March 1994. Respondents in other administrative proceedings brought by this Commission, including the *Johnson* respondents, raised Section 2462 as an affirmative defense before the appellate court's decision in *Johnson*.

In deeming Canady to have forfeited a statute of limitations defense, we are furthering both fairness and efficiency. As the District of Columbia Circuit has held, a party claiming the statute of limitations defense must give adequate notice of that claim in order to permit the other side "not only to frame legal arguments, but to establish relevant facts that might affect the applicability of the statute of limitations." Canady's failure to raise the claim deprived the Division of such notice and opportunity to develop its factual and legal defenses to the claim.

JA 573–76 (quoting citing *Harris v. Secretary, United States Dep't of Veterans Affairs*, 126 F.3d 339, 343, 344 (D.C.Cir. 1997); footnotes and other citations omitted).

On May 1, 1999 Canady filed a timely request for reconsideration of the Commission's April 5, 1999 order, arguing at last that section 2462 deprived the Commission of jurisdiction. She further argued that she had not waived the statute of limitations defense. *See* JA 439–43. In a deci-

sion dated August 6, 1999 the Commission denied reconsideration, noting Canady's "inaction" in not pursuing the defense, not even "in the period between oral argument and issuance of [the Commission's] decision" after the Commission itself had raised the issue. JA 580. Canady then filed a petition for review with this court.

## II.

■ As an initial matter we hold we are without jurisdiction to review the Commission's denial of reconsideration. Denial of agency reconsideration is "generally nonreviewable unless the request for reconsideration was based on new evidence or changed circumstances." *Schoenbohm v. FCC*, 204 F.3d 243, 246 (D.C.Cir.2000) (citing *ICC v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 279–80, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987); *Southwestern Bell Tel. Co. v. FCC*, 180 F.3d 307, 311 (D.C.Cir.1999); *Entravision Holdings, LLC v. FCC*, 202 F.3d 311, 312 n. * (D.C.Cir.2000)), *petition for cert. filed*, No. 00–6095 (July 28, 2000). Because Canady asserted neither ground in moving for reconsideration below,[2] we may not review the Commission's denial of her motion.[3]

We next consider Canady's challenge to the Commission's holding in the April 5, 1999 order on review that she waived her statute of limitations defense. Under the Administrative Procedure Act, we "will set aside [the Commission's] legal conclusions only if 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' 5 U.S.C. § 706(2)(A)." *Wonsover v. SEC*, 205 F.3d 408, 412 (D.C.Cir. 2000) (internal quotation omitted). Because the Commission's waiver holding satisfies this standard, we conclude it must be upheld.

---

**2.** Canady did file a motion for leave to adduce additional evidence which the Commission denied in its reconsideration decision. The additional evidence was directed to the merits, not to the limitations issue. *See* JA 582–84.

**3.** We note that the only order identified in Canady's petition is, appropriately, the April 5, 1999 order.

■ In support of its waiver conclusion the Commission specifically cited two provisions of the SEC's procedural rules. The first rule provided for filing of proposed findings and conclusions with the hearing officer and stated that "any proposed finding or conclusion not briefed may be regarded as waived." 17 C.F.R. § 201.16(d). The second rule provided: "Any person who seeks Commission review of an initial decision by a hearing officer shall, within 15 days after service of such initial decision, serve and file a petition for Commission review containing exceptions thereto indicating specifically the findings and conclusions as to which exceptions are taken together with supporting reasons for such exceptions. These reasons may be stated in summary form. Any objection to an initial decision not saved by written exception filed pursuant to this rule will be deemed to have been abandoned and may be disregarded." 17 C.F.R. § 201.217(b).[4] Given the plain meaning of these rules, it was not arbitrary for the Commission to deem forfeited Canady's statute of limitations defense which was neither briefed to the ALJ nor raised in Canady's exceptions to his decision—nor urged by Canady at any time before the Commission's opinion on review. *Cf. Harris v. Secretary, United States Dep't of Veterans Affairs,* 126 F.3d 339, 343, 344 (D.C.Cir.1997) (finding forfeiture of limitation defense where not pleaded in answer as required by Fed.R.Civ.P. 8(c)).[5]

---

**4.** The SEC has since revised its regulations to require more specifically that "[a] defense of res judicata, statute of limitations or any other matter constituting an affirmative defense shall be asserted in the answer." 17 C.F.R. 201.220(c) (1999).

**5.** Canady contends she cannot reasonably be expected to have asserted the defense before *Johnson* issued in June 1996 when she had by then already filed her review brief with the Commission. As early as March 1994, however, this court held the statute applicable to agency as well as to judicial proceedings. *See 3M Co. v. Browner,* 17 F.3d 1453 (D.C.Cir. 1994). There was no reason thereafter to

For the preceding reasons, the petition for review is

*Denied.*

doubt that it applied to SEC proceedings. The only issue in *Johnson* was whether an SEC censure or professional suspension is a "civil fine, penalty, or forfeiture, pecuniary or otherwise" within the meaning of section 2462. As Canady acknowledges, uncertainty on the issue before *Johnson* definitively resolved it did not prevent counsel in other similar SEC proceedings, including, of course, *Johnson* itself, from timely asserting a section 2462 defense. *See* Brief of Appellee at 23. Further, Canady offers no justification for failing to pursue the defense between *Johnson*'s issuance on June 21, 1996 and the Commission's review decision on April 5, 1999.