**John S. BROWNSON, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 02–73194.

SEC No. 3–10295.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 16, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

John S. Brownson petitions pro se for review of an order of the Securities and Exchange Commission ("SEC") barring him from association with any broker or dealer following his guilty plea conviction for conspiracy to commit securities, mail and wire fraud, in violation of 18 U.S.C. § 371. We have jurisdiction pursuant to Section 25 of the Securities Exchange Act

---

1. Tierney's motion for oral argument is denied as moot. His Freedom of Information Act request is also denied.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of 1934, 15 U.S.C. § 78y(a)(3), and we deny the petition.

We review the SEC's findings of fact for substantial evidence, 15 U.S.C. § 78y(a)(4), and must uphold the SEC's findings "[i]f the evidence is susceptible to more than one rational interpretation[.]" *Atlanta–One, Inc. v. Securities and Exch. Comm'n*, 100 F.3d 105, 107 (9th Cir.1996). "Sanctions imposed by the SEC are reviewed for an abuse of discretion." *Id.* The SEC abuses its discretion when its sanction is unwarranted in law or unjustified by fact. *Hateley v. Securities and Exch. Comm'n*, 8 F.3d 653, 655 (9th Cir.1993).

Brownson's plea agreement and criminal conviction are substantial evidence supporting the SEC's conclusion that it is in the public interest to permanently bar Brownson from association with a broker or dealer. *See Hinkle Northwest, Inc. v. Securities and Exch. Comm'n*, 641 F.2d 1304, 1308 (9th Cir.1981) (stating that collateral estoppel may be used where party seeks to apply finding from criminal case to subsequent civil proceeding). Accordingly, the SEC did not abuse its discretion by imposing the sanction expressly allowed by 15 U.S.C. § 78o(b)(6)(A)(ii).

Brownson raises numerous contentions regarding procedural aspects of the administrative adjudication. We reject Brownson's contention that he was denied the opportunity to present mitigating evidence to the SEC because the summary disposition proceedings held before the Administrative Law Judge ("ALJ") provided such an opportunity. *See* 17 C.F.R. § 201.250 ("Rule 250"). Brownson did not file a formal response to the SEC's motion and neither presented written evidence nor identified matters that required a hearing. Brownson's contention that the ALJ ruled on the motion too quickly is not persuasive because Rule 250(b) required the ALJ to "promptly grant or deny the motion." *Id.*

Brownson's contention that he expected a hearing to be held is not persuasive because, nearly two months before the motion was filed, the ALJ advised him that summary disposition meant that a decision would be "based on papers and not on a hearing." Finally, it is well settled that the SEC is not required to hold oral argument. *See Carter v. Securities and Exch. Comm'n*, 726 F.2d 472, 474 (9th Cir.1983) (per curiam).

We are unpersuaded by Brownson's contention that the SEC's administrative proceedings constituted double jeopardy because the SEC's goal of protecting the public is remedial, not punitive. *See United States v. Merriam*, 108 F.3d 1162, 1165 n. 3 (9th Cir.1997) (denying motion to dismiss criminal indictment despite SEC's prior imposition of lifetime bar for securities violations).

In light of our disposition, we do not reach Brownson's contention regarding change of venue.

**PETITION DENIED.**