# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 6, 2008       Decided November 21, 2008

No. 07-1478

CONRAD P. SEGHERS,
PETITIONER

v.

SECURITIES AND EXCHANGE COMMISSION,
RESPONDENT

On Petition for Review of an Order
of the Securities and Exchange Commission

*Charles B. Manuel, Jr.* argued the cause for the petitioner. *Shira Y. Rosenfeld* was on brief.

*Christopher Paik*, Special Counsel, Securities and Exchange Commission, argued the cause for the respondent. *Brian G. Cartwright*, General Counsel, *Andrew N. Vollmer*, Deputy General Counsel, and *Jacob H. Stillman*, Solicitor, were on brief. *Leslie E. Smith*, Senior Litigation Counsel, entered an appearance.

Before: SENTELLE, *Chief Judge*, and HENDERSON and GARLAND, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Conrad Seghers petitions for review of the order of the Securities and Exchange Commission (SEC or Commission) barring him from future association with any investment adviser based on his violation of section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5, 17 C.F.R. § 240.10b-5, and section 206(1) and (2) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-6(1) & 80b-6(2) (collectively the anti-fraud provisions). Seghers challenges the order primarily on the ground that summary disposition was inappropriate because genuine issues of material fact existed. He also claims the SEC abused its discretion in imposing the permanent bar sanction. For the reasons set forth below, we deny the petition for review.

## I.

On June 16, 2004, the SEC brought a civil enforcement action against Seghers in the United States District Court for the Northern District of Texas, alleging violations of the Securities Act of 1933, the Securities Exchange Act of 1934 and the Investment Advisors Act of 1940. Complaint, *SEC v. Seghers*, No. 3:04-CV-1320-K (N.D. Tex. Sept. 14, 2006). A jury returned a verdict against Seghers on the SEC's claims that he had violated the anti-fraud provisions. *SEC v. Seghers*, No. 3:04-CV-1320-K, slip op. at 1 (N.D. Tex. Sept. 14, 2006) (Memorandum Opinion). Seghers then filed a motion for judgment as a matter of law. *Id.*

The district court found that the following facts supported the jury's verdict and denied Seghers's motion. *Id.* Seghers participated in the offer and sale of limited partnership interests in three hedge funds. *Id.* at 2. The parties stipulated that Seghers was acting as an investment advisor during the offer and sale. *Id.* The assets in the hedge funds were invested at Morgan Stanley Dean Witter (Morgan Stanley). *Id.* Olympia Capital Associates, L.P. (Olympia) acted as administrator of the hedge

funds and sent periodic statements to investors. *Id.* Seghers reported the values of the hedge funds to Olympia. *Id.* at 5. Olympia relied on the values reported by Seghers in its periodic statements to investors. *Id.* On June 6, 2001, Morgan Stanley sent Seghers a letter stating that the hedge funds values it reported to Seghers had been incorrect since February 2001 and had "not accurately reflected the actual value of the accounts during any of these periods." *Id.* at 8. Even following receipt of the letter, Seghers overstated the values of the hedge funds to Olympia by approximately $29.5 million in June, $23.1 million in July, $26.3 million in August and $27 million in September. *Id.* at 5. Olympia relied on the overstated values in statements issued to investors on June 30, July 31, August 31 and September 30, 2001. *Id.* On July 13, 2001, Seghers sent a letter to investors reporting "positive developments" and stating that "amidst the volatility in the markets we have continued to post respectable returns," but on August 1, 2001, Seghers told his lawyer that the hedge funds were "in the toilet." *Id.* at 7, 9.

The district court permanently enjoined Seghers from violating the anti-fraud provisions based on its finding that "there is a reasonable likelihood that Seghers will violate the securities laws in the future." *Id.* at 10; Amended Final Judgment, *SEC v. Seghers*, No. 3:04-CV-1320-K (N.D. Tex. Sept. 14, 2006) (Amended Final Judgment). The district court ordered Seghers to pay a civil penalty but denied the SEC's request for disgorgement because Seghers had lost over $900,000 of his own money in the hedge funds. Memorandum Opinion at 11; Amended Final Judgment at 4-5. Seghers and the SEC appealed the district court's judgment.[1]

_____

[1]The Fifth Circuit recently affirmed the judgment, vacated the denial of disgorgement *inter alia* and remanded for further proceedings. *SEC v. Seghers*, No. 06-11146, 2008 WL 4726248 (5th Cir. Oct. 28, 2008).

On September 26, 2006, the SEC's Division of Enforcement (Division) instituted administrative proceedings against Seghers pursuant to section 203(f) of the Investment Advisors Act of 1940, 15 U.S.C. § 80b-3(f). The SEC assigned the case to administrative law judge (ALJ) Lillian McEwen. On October 31, 2006, ALJ McEwen denied the Division's request for leave to move for summary disposition. She also scheduled a hearing to commence on December 13, 2006. On November 29, 2006, the SEC reassigned the case to ALJ Robert Mahony because of ALJ McEwen's imminent retirement. ALJ Mahony held a telephonic pre-hearing conference with counsel for the parties on December 6, 2006. Following the conference, the ALJ vacated the hearing date "with the agreement of the parties" and granted leave to the Division to move for summary disposition. Seghers responded with his own motion for summary disposition along with supporting affidavits and accompanying exhibits. On February 5, 2007, the ALJ granted the Division's motion for summary disposition, permanently barring Seghers from associating with any investment advisor and the SEC thereafter upheld the ALJ's action. *Conrad Seghers*, S.E.C. Release No. 2656 (Sept. 26, 2007) (SEC Opinion). Seghers now petitions for review.

## II.

We uphold the SEC's legal conclusions unless they are "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' 5 U.S.C. § 706(2)(A)." *Canady v. SEC*, 230 F.3d 362, 364 (D.C. Cir. 2000) (quoting *Wonsover v. SEC*, 205 F.3d 408, 412 (D.C. Cir. 2000)). Its factual findings are conclusive if supported by substantial evidence. 15 U.S.C. § 80b-13.

## A.

We first note that Seghers has waived the argument that he has a general constitutional and a statutory right to a hearing

before being permanently barred from associating with any investment advisor. Section 203(f) of the Investment Advisers Act provides:

> The Commission, by order, shall censure or place limitations on the activities of any person associated . . . with an investment advisor, or suspend for a period not exceeding twelve months or bar any such person from being associated with an investment advisor, if the Commission finds, *on the record after notice and opportunity for hearing*, that such censure, placing of limitations, suspension, or bar is in the public interest and that such person . . . is enjoined from any action, conduct, or practice specified in paragraph (4) of subsection (e) of this section.

15 U.S.C. § 80b-3(f) (emphasis added). The "action, conduct, or practice" specified in section 203(e)(4) includes "engaging in or continuing any conduct or practice . . . in connection with the purchase or sale of any security." 15 U.S.C. § 80b-3(e)(4).

Rule 201.250(a) of the Commission's Rules of Practice provides:

> After a respondent's answer has been filed . . . the respondent, or the interested division may make a motion for summary disposition of any or all allegations of the order instituting proceedings with respect to that respondent. . . . The facts of the pleadings of the party against whom the motion is made shall be taken as true, except as modified by stipulations or admissions made by that party, by uncontested affidavits, or by facts officially noted pursuant to § 201.323.

17 C.F.R. § 201.250(a). The hearing officer is authorized to "grant the motion for summary disposition if there is no genuine issue with regard to any material fact and the party making the motion is entitled to a summary disposition as a matter of law." 17 C.F.R. § 201.250(b).

Seghers argued in his brief that the Constitution and section 203(f), 15 U.S.C. § 80b-3(f), require the SEC to conduct a hearing before permanently barring an individual from associating with any investment advisor. At oral argument, however, Seghers's counsel conceded that he has no constitutional or statutory right to a hearing if there is no genuine issue of material fact. In light of his concession, we need not address the argument.

**B.**

We reject Seghers's argument that ALJ Mahony was without authority to vacate the scheduled hearing and reconsider the Division's motion for summary disposition. The SEC's Rules of Practice authorize the ALJ to "[r]egulat[e] the course of a proceeding and the conduct of the parties and their counsel." 17 C.F.R. § 201.111. The ALJ was authorized—as part of regulating the course of the proceeding—to consider the Division's motion for summary disposition notwithstanding his predecessor's denial thereof.

**C.**

We also reject Seghers's argument that the SEC applied the incorrect legal standard in considering the summary disposition motion. The SEC stated that "summary disposition may be granted if 'there is no genuine issue with regard to any material fact and the party making the motion is entitled to a summary disposition as a matter of law.'" SEC Opinion at 7 (quoting 17 C.F.R. § 201.250(b)). According to the Commission, "Seghers must set forth specific facts establishing a genuine issue of material fact and may not rely upon mere allegations in his

pleadings to the law judge to create a genuine issue." *Id.* at 8 n.25 (citing *Frank P. Quattrone*, S.E.C. Release No. 53,547, 2006 WL 768606, at *5 (2006) (respondent "did not rely on mere conclusory allegations or speculation but instead offered specific facts" in opposition to SEC's summary disposition motion)).

Seghers claims that the SEC's statement that he "may not rely upon mere allegations in his pleadings" is at odds with 17 C.F.R. § 201.250(a), which states, "The facts of the pleadings of the party against whom the motion is made shall be taken as true, except as modified by stipulations or admissions made by that party, by uncontested affidavits, or by facts officially noted pursuant to § 201.323." Section 201.323 permits the SEC to take official notice of "any material fact which might be judicially noticed by a district court of the United States," provided that "[i]f official notice is requested or taken of a material fact not appearing in the evidence in the record, the parties, upon timely request, shall be afforded an opportunity to establish the contrary." 17 C.F.R. § 201.323. The SEC applied the correct standard despite its statement that Seghers could not rely upon "mere allegations in his pleadings." It took official notice of the facts set forth in the district court's Memorandum Opinion. Seghers does not challenge the SEC's authority under 17 C.F.R. § 201.323 to rely on facts found by the district court. While the facts found by the district court and relied on by the SEC are in part at odds with Seghers's version of the facts, the SEC is permitted to alter Seghers's allegations based on the district court's findings pursuant to 17 C.F.R. § 201.250(a).

**D.**

Seghers contends that genuine issues of material fact existed that precluded the SEC from granting the Division's summary disposition motion. The SEC's Rules of Practice authorize the hearing officer to "grant the motion for summary disposition if there is no genuine issue with regard to any

material fact and the party making the motion is entitled to a summary disposition as a matter of law." 17 C.F.R. § 201.250(b). The Commission recognizes "that a respondent may present genuine issues with respect to facts that could mitigate his or her misconduct." *John S. Brownson*, S.E.C. Release No. 46,161, 77 SEC Docket 3097, 2002 WL 1438186, at *4 n.12 (2002), *aff'd, Brownson v. SEC*, 66 Fed. Appx. 687 (9th Cir. 2003). It considers a number of factors in determining appropriate sanctions, including "'the egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future violations.'" *Steadman v. SEC*, 603 F.2d 1126, 1140 (5th Cir. 1979) (quoting *SEC v. Blatt*, 583 F.2d 1325, 1334 n.29 (5th Cir. 1978)). Seghers argues that several genuine issues of material fact existed with respect to the above factors.

First, Seghers asserts that his actions "were sparked by third-party error, and not by his own deliberate actions to defraud investors." Pet'r Br. at 23. Seghers claims that this evidence created a genuine issue of material fact regarding the egregiousness of his conduct. We disagree. The fact that Morgan Stanley reported incorrect hedge funds values to Seghers was not disputed, as the Commission noted. SEC Opinion at 3, 8. Seghers knew of Morgan Stanley's errors as of June 6, 2001, and the Commission based its findings of securities law violations on conduct committed only after that date. Memorandum Opinion at 5. The SEC was free to consider Morgan Stanley's role in determining the egregiousness of Seghers's conduct. Whether Morgan Stanley's role supports a

lesser sanction relates to the appropriateness of the sanction and not the existence of a genuine issue of material fact.[2]

Second, Seghers seeks to introduce evidence that "his purported delay of about a month in his definitive reporting to investors was in fact the result of his conferring with top legal and accounting professionals who were slow in responding." Pet'r Br. at 23. Such evidence would not create a genuine issue of material fact regarding the egregiousness of Seghers's conduct. The district court found that Seghers overstated the values of the hedge funds for over three months after he became aware that the Morgan Stanley reports were erroneous. Memorandum Opinion at 5-6. Seghers does not explain how evidence explaining one month of false reporting would mitigate his overstating the hedge funds' values for several months.

Third, Seghers seeks to introduce evidence that he took nothing from investors and that he lost his own investments in the hedge funds. These facts, however, were undisputed and did not require a hearing. SEC Opinion at 9. Seghers's claim that the SEC did not properly consider these factors relates to the appropriateness of the sanction, not the necessity of a hearing.

Fourth, Seghers contends that genuine issues of material fact existed regarding the necessity of a permanent bar to prevent him from committing future violations and regarding his recognition of the wrongfulness of his conduct. Seghers declared in an affidavit that he did not intend to act as an investment advisor but that he should not be precluded from resuming his career as an investment advisor in the future.

---

[2]The Commission argues in the alternative that even if a genuine issue of material fact exists regarding the role of third-party error in Seghers's actions, collateral estoppel bars him from pursuing this argument. Resp't Br. at 26; *see also* SEC Opinion at 8-9. Because we conclude that no genuine issue of material fact exists, we need not reach the collateral estoppel argument.

There is no genuine issue as to whether Seghers recognizes the wrongfulness of his conduct. On the contrary, Seghers made it clear to the SEC in his pleadings and affidavits that he contends he did not do anything wrong.

**E.**

"We accord great deference to the SEC's decisions as to choice of sanction, inquiring only whether a sanction 'was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *WHX Corp. v. SEC*, 362 F.3d 854, 859 (D.C. Cir. 2004) (quoting *KPMG, LLP v. SEC*, 289 F.3d 109, 121 (D.C. Cir. 2002)). Seghers sets out three reasons that he believes make the sanction grossly excessive.

First, Seghers argues that his conduct was relatively minor when compared with the conduct of others whom the SEC has permanently barred in the past. The Supreme Court has held that an administrative sanction is "not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases." *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 187 (1973). The Eighth Circuit cited *Butz* in rejecting the argument that a permanent bar for a first-time securities law offender was inconsistent with other cases. *Lowry v. SEC*, 340 F.3d 501, 507 (8th Cir. 2003). The Second Circuit noted that disproportionate penalties are irrelevant to the appropriateness of a sanction if the sanction is within the SEC's discretion. *Hiller v. SEC*, 429 F.2d 856, 858-59 (2d Cir. 1970) (citing *Dlugash v. SEC*, 373 F.2d 107, 110 (2d Cir. 1967)). We agree with the Second Circuit and, accordingly, reject Seghers's first point.

Second, Seghers claims that the SEC did not sufficiently articulate reasons for a permanent bar. *See Steadman*, 603 F.2d at 1140 ("[P]ermanent exclusion from the industry 'is without justification in fact' unless the Commission specifically articulates compelling reasons for such a sanction.") (footnote

omitted). We disagree. The SEC considered "the egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of his conduct, and the likelihood that the defendant's occupation will present opportunities for future violations" in determining a sanction that protects the public interest. SEC Opinion at 11-12 (quoting *Steadman*, 603 F.2d at 1140). It noted that Seghers knowingly or recklessly defrauded investors by significantly overstating the values of the hedge funds for several months. *Id.* at 12-13; *see Elliott v. SEC*, 36 F.3d 86, 87 (11th Cir. 1994) (finding conviction of serious violations of securities laws sufficient in itself to support SEC's conclusion that permanent bar was in public interest). In support of its conclusion that Seghers will have opportunities to violate the securities laws in the future, the SEC noted that Seghers worked exclusively as an investment advisor in the past, desired to keep that career option open in the future and maintained contact with his former clients. *Id.* at 13. It also found that Seghers had not demonstrated an understanding of his duties as an investment advisor by his failure to disclose the inaccuracy of the reported hedge funds values to investors. *Id.* at 14. These facts support a permanent bar.

Third, Seghers argues that the SEC ignored or gave insufficient weight to potentially mitigating circumstances. On the contrary, the SEC considered the fact that Seghers did not benefit financially from his conduct. *Id.* at 15. It rejected as irrelevant both Seghers's plea of personal financial hardship as well as the affidavits of investors maintaining that Seghers did not defraud them. The SEC found that the need for a permanent bar to protect the public interest outweighed the mitigating factors. *Id.* A permanent bar is a statutorily authorized sanction

for Seghers's conduct. *See* 15 U.S.C. § 80b-3(f).[3] The SEC did not abuse its discretion in permanently barring Seghers from associating with any investment advisor.

**F.**

Finally, Seghers argues that the SEC denied him due process by not staying its proceedings while his Fifth Circuit appeal was pending. Although he admits that the SEC is not obligated to stay administrative proceedings while an appeal is pending, he claims that the SEC punished him for exercising his right to appeal by finding that his refusal to recognize the wrongfulness of his conduct supported a permanent bar. Seghers asserts that he could not recognize the wrongfulness of his conduct without prejudicing his appeal.

As the Supreme Court has observed, "not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." *Corbitt v. New Jersey*, 439 U.S. 212, 218 (1978). In *Corbitt*, the defendant turned down an offer to plead guilty, which would have permitted the court to "impose either life imprisonment or a term of up to 30 years," while a trial on a first-degree murder charge exposed him to a mandatory life sentence. *Id.* at 217-18. The Court rejected the argument that Corbitt's choice imposed an unconstitutional burden on him. *Id.* at 218-19; *see also SEC v. Lipson*, 278 F.3d 656, 664 (7th Cir. 2002) (court rejected appellant's argument that district court's consideration of his refusal to recognize wrongfulness of his conduct in determining

---

[3]Section 80b-3(f) authorizes a bar if a person "is enjoined from any action, conduct, or practice specified in paragraph (4) of subsection (e)." 15 U.S.C. § 80b-3(f). The district court enjoined Seghers from violating the anti-fraud provisions in the offer or sale of any security, Memorandum Opinion at 10-11, which constitutes an "action, conduct, or practice" under section 203(e)(4). *See supra* p. 5.

sanction violated due process of law, noting that "acceptance of responsibility for illegal conduct is a routine and unexceptionable feature of criminal, let alone of civil, punishment"). Before the district court, Seghers was given the option of recognizing the wrongfulness of his conduct or refusing to do so and risking more severe remedial action. He chose the latter, a factor the district court cited in permanently enjoining Seghers from violating the securities laws. Memorandum Opinion at 10. The Commission, acknowledging Seghers's dilemma, gave Seghers a similar option and he once again risked a more severe sanction by refusing to acknowledge the wrongfulness of his conduct. The option did not unconstitutionally burden Seghers in the district court, *see Lipson*, 278 F.3d at 664, nor did it deny him due process before the SEC.[4]

For the foregoing reasons, the petition for review is denied.

*So ordered.*

---

[4]Finally, Seghers's request—made for the first time at oral argument—that we stay our decision pending the Fifth Circuit's action is moot. *See supra* note 1.