JUDGMENT

PER CURIAM.
This petition for review of an order of the Securities and Exchange Commission was considered on the briefs and appendices filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34®. It is
ORDERED AND ADJUDGED that the Securities and Exchange Commission order filed December 21, 2007, be affirmed. This court will “uphold the SEC’s legal conclusions unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,” and its factual findings as long as they are “supported by substantial evidence.” Seghers v. SEC, 548 F.3d 129, 132 (D.C.Cir.2008) (citations omitted).
The court “aceord[s] great deference to the SEC’s decisions as to a choice of sanction, inquiring only whether a sanction ‘was arbitrai*y, capricious, an abuse of discretion, or otherwise not in accordance with law.’ ” WHX Corp. v. SEC, 362 F.3d 854, 859 (D.C.Cir.2004) (quoting KPMG, LLP v. SEC, 289 F.3d 109, 121 (D.C.Cir.2002)). To adequately justify a decision to bar an individual from the industry, the SEC must consider “ ‘the egregiousness of the defendant’s actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant’s assurances against future violations, the defendant’s recognition of the wrongfulness of his conduct, and the likelihood that the defendant’s occupation will present opportunities for future violations’ in determining a sanction that protects the public interest.” Seghers, 548 F.3d at 135 (quoting Steadman v. SEC, 603 F.2d 1126, 1140 (5th Cir.1979)).
The court has considered petitioner’s arguments and concluded that he has not demonstrated error in the SEC’s decision that his conduct in connection with the Lifeplan offering violated Securities Act Section 17(a), Exchange Act Section 10(b), Exchange Act Rule 10b-5, Advisers Act Sections 206(1), (2), and (4), and Advisers Act Rule 206(4)-4(a)(l); his registration with the Commission violated Advisers Act Sections 203A and 207; his failure to make, keep, and furnish necessary records violated Advisers Act Section 204 and Advisers Act Rules 204-2(a)(l), (2), and (6); and the sanctions against him were warranted. To the extent petitioner can establish that he has repaid the funds he transferred from Lifeplan’s bank account to his own, such payments will offset his disgorgement obligation. S.E.C. v. Palmisano, 135 F.3d 860, 863-64 (2d Cir.1998).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.