John L. GUDAVICH, Appellant

v.

DISTRICT OF COLUMBIA, A Municipal Corporation, et al., Appellees

No. 00–7287.

United States Court of Appeals, District of Columbia Circuit.

Dec. 27, 2001.

Before SENTELLE, HENDERSON and RANDOLPH, Circuit Judges.

JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the court. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). Accordingly, for the reasons set out in the accompanying memorandum, it is

ORDERED and ADJUDGED that the judgment of the district court in favor of the defendants is affirmed.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41(a)(1).

## MEMORANDUM

John L. Gudavich, plaintiff below, appeals from the district court's grant of summary judgment on seven (7) claims against the District of Columbia and individual employees of the District. Finding no error, we affirm the judgment appealed from.

The answer of the District admitted paragraph 102 which alleged retaliation in conclusory terms against all defendants. Awakened by plaintiff's reliant Rule 56(a) motion for partial summary judgment, the District moved under Rule 15 to amend its answer to substitute a denial of paragraph 102. Appellant complains of the district court's granting the motion without hearing. The district court committed no procedural error thereby because there is no requirement of a hearing. *See* Fed. R.Civ.P. 15, 78; D.D.C. Civ. R. 7.1(f), 78.1.

Nor is there error in the substance of the district court's order granting leave to amend. Appellant acknowledges that a district court has discretion to grant such leave, and liberally, but argues to us that the district court abused its discretion by granting leave after close of discovery and without granting the appellant additional discovery on the alleged retaliation, now denied. The appellant has not, however, documented any request by him of the district court for additional discovery, and the record supports an inference not only that the district court properly granted leave to amend, but that plaintiff's claimed reliance during discovery on the paragraph 102 admission may have been naive at best. The inadvertent admission clearly was inconsistent with the rest of the District's answer, particularly the denial of identically worded paragraph 90 in the statement of a substantially similar claim. Moreover, the district court announced from the bench that the tenor of the discovery conducted was consistent with the District's denial of retaliation, based on affidavits and deposition transcripts accompanying the District's Rule 15 motion. Appellant made no challenge to that evidence in the district court or here. In short, appellant failed to show prejudice from the district court's action in allowing the District's motion to amend after, and without reopening, discovery.

Appellant's challenges to the district court's disposition of the appellees' Rule 56 motions have no merit either. This case involves a routine application of the well-known standards for granting summary judgment. Appellant alleged reverse racial discrimination in promotion. To survive an adverse Rule 56(b) motion, the appellant must have established a prima facie case. *Harding v. Gray*, 9 F.3d 150, 154 (D.C.Cir.1993). A factually supported allegation of qualification superior to the minority person selected would have been sufficient. *Id.*, at 153. The appellant's brief asserts, as a fact established below, that he had "qualifications superior to those of Bowie, the African–American employee hired instead of Gudavich. JA 119–145." Appellant's Final Opening Brief at 24. Plaintiff's citation to the record, however, does not support the statement made.

We have in a similar manner examined each of Mr. Gudavich's claims, and our review has disclosed no error in the district court's actions. The judgment of the district court is affirmed.