Christian C. NWACHUKWU, Plaintiff,

v.

John F. KARL, Jr., Defendant.

Civ.A. No. 02–0469(RMU).

United States District Court,
District of Columbia.

June 18, 2003.

Christian C. Nwachukwu, Cheverly, MD, plaintiff pro se.

C. Michael Tarone, Washington, DC, for defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

DENYING THE PLAINTIFF'S MOTION TO STRIKE

## I. INTRODUCTION

This action arises out of a former attorney-client relationship between the parties. In a prior relationship, the *pro se* plaintiff hired the defendant as his attorney. He now alleges that the defendant committed various misdeeds as the plaintiff's lawyer. The matter comes before the court on the plaintiff's motion to strike the defendant's answer to the plaintiff's amended complaint. Because the plaintiff's objections to the defendant's answer lack merit, the court denies the plaintiff's motion.

## II. BACKGROUND [1]

The litigation underlying the present action involved injuries caused to the plaintiff by a car accident on October 1, 1994. Am. Compl. at 3. The plaintiff retained the legal services of the defendant in December 1997 to aid him in litigation stemming from those injuries. *Id.* at 4. At some point, the parties' relationship deteriorated, ultimately resulting in the plaintiff lodging complaints against the defendant with the District of Columbia Bar and filing a complaint with the Superior Court of the District of Columbia alleging abdication of fiduciary responsibility, negligence, misrepresentation, misappropriation of funds, and intentional infliction of emotional distress. Compl. at 10–16. The plaintiff seeks compensatory damages and $5 million in punitive damages. *Id.* at 16–17.

On March 13, 2002, the defendant removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1441(a). Notice of Removal ¶¶ 6–9. Upon removal, the plaintiff filed a motion to remand the case to the Superior Court.

Thereafter, the defendant filed motions to dismiss, for judgment on the pleadings, or for summary judgment. The plaintiff then filed motions for summary judgment, for sanctions against the defendant and for an order directing the defendant to serve the plaintiff with filings by certified mail. In a Memorandum Opinion and Order dated August 26, 2002, the court denied all of the pending motions. *Nwachukwu v. Karl*, 223 F.Supp.2d 60 (D.D.C.2002). Additionally, the court issued an order on October 22, 2002 allowing the plaintiff to amend his complaint by providing the court with dates demonstrating whether the applicable statute of limitations barred the plaintiff's claim for abdication of fiduciary duty. Order dated Oct. 22, 2002. Meanwhile, the defendant filed his original answer to the plaintiff's complaint on September 13, 2002. On November 20, 2002, the plaintiff filed his amended complaint pursuant to the court's October 22, 2002 order. In turn, the defendant filed his answer to the plaintiff's amended complaint (hereinafter "answer") on December 9, 2002.

On February 11, 2003, the plaintiff filed a motion to strike the defendant's answer. The court now addresses that motion.

---

**1.** The court does not review factual issues for purposes of resolving the instant motion to strike. Therefore, the court has not included the case's extensive factual allegations herein. For a more detailed discussion of the plaintiff's factual allegations, refer to the court's August 26, 2002 Memorandum Opinion. *Nwachukwu v. Karl*, 223 F.Supp.2d 60, 63–64 (D.D.C.2002).

## III. ANALYSIS

### A. Legal Standard for a Motion to Strike

■ The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992) (citing *Alvarado–Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)). On its own initiative or on a party's motion, the court may strike from a pleading[2] any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter in order to avoid the time, effort, and expense necessary to litigate spurious issues. FED. R. CIV. P. 12(f); *Fantasy, Inc. v. Fogerty, Inc.*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

■ Courts disfavor motions to strike. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C.Cir.1981) (citing 5C FED. PRAC. & PROC.2d § 1380 at 783); *accord Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y. 1991); *Mirshak v. Joyce*, 652 F.Supp. 359, 370 (N.D.Ill.1987); *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D.Conn.1979). The rule does not by its terms require the striking of matters that are prejudicial. FED. R. CIV. P. 12(f). Yet, because courts view motions to strike with such disfavor, many courts will grant such motions only if the portions sought to be stricken are prejudicial or scandalous. *Makuch v. Fed. Bureau of Investigation*, 2000 WL 915767, at *2, 2000 U.S. Dist. LEXIS 9487, at *7 (D.D.C. Jan. 7, 2000); *e.g.*, *Wiggins v. Philip Morris, Inc.*, 853 F.Supp. 457, 458 (D.D.C.1994) (Lamberth, J.); *see also* 5A FED. PRAC. & PROC.2d §§ 1380, 1382. Thus, absent a "strong reason for so doing," courts will generally "not tamper with pleadings." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976); *Lennon v. Seaman*, 63 F.Supp.2d 428, 447 (S.D.N.Y.1999).

■ In considering a motion to strike, the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553–54 (D.Haw.1998); *Joe Hand Promotions, Inc. v. Nekos*, 18 F.Supp.2d 214, 218 (N.D.N.Y.1998); *Seibel v. Society Lease, Inc.*, 969 F.Supp. 713, 715 (M.D.Fla.1997). Consequently, the burden lies with the movant. *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F.Supp.2d 1028, 1033 (N.D.Ill.1998).

### B. The Court Will Not Automatically Deny the Motion to Strike Even Though the Plaintiff Failed to File the Motion on Time

■ As a threshold matter, the court notes that the plaintiff has missed the filing deadline for his motion as set by Rule 12(f). Under that rule, the plaintiff should have filed his motion "within 20 days after [ ] service of the [preceding] pleading." FED. R. CIV. P. 12(f). The preceding pleading here is the defendant's answer, filed on December 9, 2002. The plaintiff filed his motion more than two months later on February 11, 2003. As a result, the plaintiff violated the deadline set by Rule 12(f). *Id.* Thus, the court may deny the plaintiff's motion on this basis alone. The court is mindful, however, that it must relax procedural requirements, such as the timing requirement of Rule 12(f), for *pro se* litigants. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C.Cir.2000); *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C.Cir.1993). Accordingly, the court will not automatically deny the plaintiff's motion but will rather move on to address the motion on its merits. *Id.*

### C. The Plaintiff's Objections to the Defendant's Answer Lack Merit

As grounds for striking the answer, the plaintiff points to three inconsistencies between the answer and the original answer; he argues that these discrepancies demonstrate that the defendant did not provide the answer in good faith. Pl.'s Mot. at 3–5. In opposition, the defendant asserts that the original complaint lost any legal effect once

---

2. A "pleading" includes a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer. FED. R. CIV. P. 7(a).

superseded by the amended complaint. Opp'n at 1–2. The defendant also argues that the answer cures defects that appeared in the original answer. *Id.*

### 1. The Plaintiff's First Objection

■ The plaintiff's motion essentially boils down to four objections to the answer.[3] First, operating under the assumption that the 33rd allegation listed in the original complaint remained unchanged in the amended complaint, the plaintiff claims that the defendant altered his response to the 33rd allegation in his answer. Pl.'s Mot. at 3–4. The plaintiff's assumption fails, however, because the plaintiff himself amended the 33rd allegation by omitting its last sentence.[4] Am. Compl. at 7. In turn, the defendant corrected his response so that it corresponded to the plaintiff's asserted allegation. Accordingly, the defendant's altered response to the 33rd allegation simply reflects his correction of what would otherwise appear as a clerical error in light of the plaintiff's own amendment. Thus, the court concludes that the plaintiff's first objection lacks merit.

### 2. The Plaintiff's Second Objection

■ Second, the plaintiff objects to the defendant's response to the 19th allegation of the amended complaint because the defendant changed his response to that allegation in the answer. Pl's Mot. at 4. A comparison of the defendant's original and amended answers reveals that the meaning of the defendant's response remains intact in the amended version.[5] *Compare* Answer at 3 *with* Answer to Am. Compl. at 3. Where the defendant previously failed to comment on certain portions of the allegation, he now has affirmatively asserted a lack of information or knowledge on the matter. *Id.* Although the plaintiff believes that this change is impermissible, the court notes that the defendant may respond to the amended complaint by updating his original answer.[6] *See Chrysler Corp. v. Fedders Corp.*, 540 F.Supp. 706, 712 (S.D.N.Y.1982) (reasoning that the federal rules do not "limit the issues that can be alleged in response to an amended pleading"). As mentioned earlier, a factor that enters into the equation is the prejudice caused to the plaintiff by the amended answer. *Makuch*, 2000 WL 915767, at *2, 2000 U.S. Dist. LEXIS 9487, at *7; *Wiggins*, 853 F.Supp. at 458; 5A FED. PRAC. & PROC.2d §§ 1380 at n. 11, 1382 at n. 11; *Regent Nat'l Bank v. Dealers Choice Automotive Planning, Inc.*, 1998 WL 961377, at *4, 1998 U.S. Dist. LEXIS 20122, at *13 (E.D.Pa.1998) (noting that "the amended answer will cause prejudice to the Plaintiff by necessitating additional discovery, expense, and time") (citing to *Joseph Bancroft & Sons v. M. Lowen-*

---

3. Although the plaintiff asks the court to strike the answer in its entirety, the plaintiff only challenges four specific responses out of the 89 responses included in the answer. Thus, even if the court were to grant the plaintiff's motion, the court would not strike the entire answer but rather only the specific portions to which the plaintiff objects.

4. The defendant's original answer to the 33rd allegation states, "Defendant admits the allegations of the first and second sentences of this paragraph and denies the allegations of the third and fourth sentences of this paragraph." Answer at 4. Although the fourth sentence of the 33rd allegation appears in the plaintiff's original complaint, it is noticeably absent from the plaintiff's amended complaint. *Compare* Compl. at 7 *with* Am. Compl. at 7. As a logical result, the defendant's answer to the amended complaint states, "Defendant admits the allegations of the first and second sentences of this paragraph and denies the allegations of the third sentence of this paragraph." Answer to Am. Compl. at 33.

5. In his original response to the 19th allegation, the defendant admitted to a small portion of the allegation, stated a lack of information or knowledge as to another portion of the allegation, and failed to comment one way or another on the remaining portions of the allegation. Answer at 3. The defendant's amended answer to the 19th allegation fills that void by declaring that he "is without information or knowledge as to the remaining allegations." Answer to Am. Compl. at 3.

6. The plaintiff cites a number of cases in which courts have granted a plaintiff's motion to strike an answer to an amended complaint. Pl.'s Reply to Opp'n at 2–5 (citations omitted). This array of non-binding precedent demonstrates a split among the circuits on the issue of whether substantive changes are permissible in responses to amended pleadings. *Id.* The circumstances presented here, however, do not necessitate a decision by the court on that issue because the defendant did not substantially change his answer in responding to the amended complaint. *Compare* Answer *with* Answer to Am. Compl.

*stein & Sons, Inc.,* 50 F.R.D. 415, 420 (D.Del. 1970) (denying a plaintiff's motion to strike in part for the plaintiff's failure to raise any viable prejudice arguments)). Therefore, the plaintiff's second objection is unwarranted because the defendant has done nothing more than simply update his response to the 19th allegation, and the plaintiff has failed to raise any viable prejudice arguments. *Id.; Chrysler Corp.,* 540 F.Supp. at 712.

### 3. The Plaintiff's Third and Fourth Objections

■■■■■ Turning to the plaintiff's remaining objections, the court addresses them together. As for the plaintiff's third objection, he declares that the defendant is "deliberately deceiving" the court "with two different answers to the [36th] allegation." Pl.'s Mot. at 4. The plaintiff, however, fails to realize that this change results in an admission by the defendant to the allegation at issue, thereby causing no prejudice to the plaintiff.[7] The plaintiff's final objection alleges that the defendant's response to the 52nd allegation was "not given in good faith." *Id.* at 5. As a result, the plaintiff asks the court to sanction the defendant by striking his entire answer. *Id.* at 1. The court has authority to impose such a sanction only if the plaintiff can demonstrate misconduct on the part of the defendant. *Vakharia,* 2 F.Supp.2d at 1033 (recognizing that the burden of proof for a motion to strike rests with the movant); *see also SMS Assocs. v. Clay,* 868 F.Supp. 337, 344 (D.D.C.1994) (concluding that there was ample evidence in the record of the defendant's bad faith in pleading), *aff'd,* 70 F.3d 638 (D.C.Cir.1995). The plaintiff fails to advance any evidence that the defendant pled his answer in bad faith or for the purpose of deceiving the court. *Vakharia,* 2 F.Supp.2d at 1033. The court is therefore not persuaded by the plaintiff's arguments in favor of striking the answer. Accordingly, after consideration of the plaintiff's objections, the court must deny the plaintiff's motion.

### IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to strike. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this ____ day of June 2003.

### ORDER

**DENYING THE PLAINTIFF'S MOTION TO STRIKE AND SCHEDULING AN INITIAL STATUS HEARING**

For the reasons stated in the court's Memorandum Opinion separately and contemporaneously issued this ____ day of June 2003, it is hereby

**ORDERED** that the plaintiff's motion to strike the defendant's answer to the amended complaint is **DENIED**; and it is

**FURTHER ORDERED** that an initial status hearing be scheduled for **Monday, August 4, 2003, at 10:00 a.m.**

**SO ORDERED.**

---

7. The defendant's original response to the complaint's 36th allegation admits one of that allegation's three sentences and denies the other two. Answer at 5. In the amended version, however, the defendant admits two of the three sentences. Answer to Am. Compl. at 5. The resulting admission thereby potentially benefits the plaintiff.