**Herman T. DOVE, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**No. CIV.A.03–2156(RMU).**

United States District Court, District of Columbia.

March 30, 2004.

Peter R. Maignan, Landover, MD, for Plaintiff.

Cheryl Crandall Burke, Jay R. Goldman, Jeffrey C. Seaman, Washington Metropolitan Transit Authority, Office of the General Counsel, Washington, DC, for Defendant.

*MEMORANDUM OPINION*

URBINA, District Judge.

GRANTING THE DEFENDANT'S
MOTION TO AMEND

## I. INTRODUCTION

At this formative stage, the instant wrongful termination case subscribes to the idea of second chances. Before the court is the defendant's motion for leave to amend its answer to the complaint with the affirmative defense of *res judicata.* The plaintiff challenges the proposed amendment on the grounds of undue delay and undue prejudice. Given that neither of the claimed bases exist for denying the proposed amendment, the court grants the defendant leave to amend its answer pursuant to Federal Rule of Civil Procedure 15(a).

## II. BACKGROUND

The plaintiff began working for the defendant ("the defendant" or "WMATA") on September 4, 1973. Compl. ¶ 6. After the plaintiff received three suspensions in 1995, the defendant eventually terminated him on June 3, 1997. *Dove v. Wash. Metro. Area Transit Auth.,* 1999 U.S. Dist. LEXIS 12443, at *2–3 (D.D.C. Aug. 5, 1999) (Hogan, J.) (*"Dove I"*). As grounds for firing the plaintiff, the defendant pointed to complaints by customers that the plaintiff had acted rudely toward them, along with the plaintiff's turbulent employment history. *Id.* at 2. Thereafter, the plaintiff challenged his termination by filing suit against the defendant, claiming race, sex, and age discrimination. *Id.* at 1. On August 5, 1999, the court granted the defendant's motion for summary judgment, reasoning that the plaintiff had not satisfied his prima facie case of discrimination because it was "clear" that he "was not performing at or near WMATA's legitimate expectations." *Id.* at 5. The D.C. Circuit subsequently affirmed the grant of summary judgment. *Dove v. Wash. Metro. Area Transit Auth.,* 2000 WL 274231, at *1, 2000 U.S.App. LEXIS 4064, at *1 (D.C.Cir. Feb. 2, 2000).

As *Dove I* progressed, the defendant reinstated the plaintiff's employment. Compl. ¶ 14. On May 8, 2002, however, the defendant once again discharged the plaintiff for allegedly "being discourteous and unprofessional to a customer." *Id.* ¶ 18.

The plaintiff filed the instant action on September 15, 2003 in the Superior Court for the District of Columbia. The plaintiff's

complaint alleges that this time the defendant wrongfully terminated him without cause by relying solely on "unsubstantiated accusations of customer dissatisfaction." *Id.* ¶¶ 40, 43. The plaintiff further claims, *inter alia*, that the defendant violated the plaintiff's First Amendment rights, slandered him, intentionally and negligently inflicted emotional distress upon him, and engaged in unfair labor practices. *Id.* ¶¶ 23–35, 52–95.

On October 21, 2003, the defendant removed the case to this court. On October 29, 2003 the defendant filed an answer denying each of the plaintiff's claims. Ten weeks later, the defendant filed a motion for leave to amend its answer under Rule 15(a) so as to add the affirmative defense of *res judicata*, arguing that the grant of summary judgment in *Dove I* bars in whole or in part the plaintiff's instant claims.[1] Def.'s Mot. at 1. The court now addresses the defendant's motion.

### III. ANALYSIS

#### A. Legal Standard

Rule 15(a) governs the amendment of pleadings, stating generously that "leave [to amend] shall be freely given when justice so requires," FED. R. CIV. P. 15(a), and "instructs the [d]istrict [c]ourt to determine the propriety of amendment on a case by case basis." *Harris v. Sec'y, United States Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C.Cir.1997). Whether to grant or deny leave to amend rests in the district court's sound discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Such discretion is not unlimited, however, for it is an "abuse of discretion" when a district court denies leave to amend without a "justifying" or sufficient reason. *Id.; Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996). Reasons that justify a denial of leave to amend include undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Richardson v. United*

*States*, 193 F.3d 545, 548–49 (D.C.Cir.1999); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C.Cir. 1998).

Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is "to facilitate a proper decision on the merits," not to set the stage for "a game of skill in which one misstep by counsel may be decisive to the outcome." *Foman*, 371 U.S. at 181–82, 83 S.Ct. 227 (citing *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To further the goal of deciding cases on their merits and avoiding adjudication by technicality, Rule 15 allows for amendment "whereby a party who harmlessly failed to plead an affirmative defense may find satisfaction" rather than allowing the party to lose because of a minor technical mistake made in its original pleading. *Harris*, 126 F.3d at 343. Under Rule 15(a), the non-movant generally carries the burden in persuading the court to deny leave to amend. *Cf. Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 n. 2 (5th Cir.1981) (endorsing exceptions to the general rule that the burden of persuasion rests with the non-movant in the Rule 15(a) context); *see also Gudavich v. District of Columbia*, 22 Fed.Appx. 17, 18 (D.C.Cir. Dec.27, 2001) (noting that the non-movant "failed to show prejudice from the district court's action in allowing the [movant's] motion to amend") (unpublished decision).

Against this legal backdrop, the court now embarks on its analysis of whether it should allow the defendant to amend its answer. The plaintiff argues that the defendant's proposed amendment is unable to jump through two of the five *Foman* hoops, namely undue delay and undue prejudice. Pl.'s Opp'n at 2.

#### B. No Undue Delay Exists

First, the court examines the plaintiff's argument of undue delay. While the court recognizes that the defendant's ten-week delay in asserting *res judicata* is no small matter, this period of time is insignificant

---

1. In compliance with Local Civil Rule 15.1, the defendant has lodged a proposed amended answer with its motion to amend. LCvR 15.1.

when compared to the time and other scarce judicial resources that the court would save with a disposition on the basis of the proposed affirmative defense.[2] Nor does the ten-week delay necessarily qualify as "undue." *Cf. Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C.Cir.1987) (denying leave to amend almost eight years "after [the movant] had filed its original [pleading], after the parties had conducted extensive discovery, and after the district court had granted a summary judgment motion against the [movant]"); *Doe v. McMillan*, 566 F.2d 713, 720 (D.C.Cir. 1977) (denying motion for leave to amend complaint 38 months after the filing of the initial complaint). As the D.C. Circuit teaches, a court should not deny leave to amend based solely on the time elapsed between the filing of the complaint and the request for leave to amend. *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C.Cir.1996). Although in a perfect world pleaders would get it right the first time, Rule 15(a) exists in order to give litigants the opportunity to fix mistakes or omissions, such as the one in this case, rather than allow technical flaws to penetrate a case before a court may resolve it on the merits. *Harris*, 126 F.3d at 343. Accordingly, the court rejects the plaintiff's undue-delay argument.

### C. No Undue Prejudice Exists

Next, the plaintiff argues that he will suffer undue prejudice if the court allows the defendant's proposed amendment. Pl.'s Opp'n at 2. The plaintiff states that he will suffer such prejudice because he "has spent the preceding months preparing his case" against the defendant's filed answer. *Id.* The plaintiff informs the court that "at this late stage," amendment will inflict undue prejudice on him because he will have to "respond to a new affirmative defense." *Id.*

While prejudice to the non-movant is a valid reason for denying leave to amend, such prejudice must in fact be "undue." *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *see also Richardson*, 193 F.3d at 548–49 (aligning itself with *Foman* by listing "undue prejudice to the opposing party" as a sufficient reason for denying leave to amend (citation omitted)). Undue prejudice is not mere harm to the non-movant but a denial "of the opportunity to present facts or evidence which [ ] would have [been] offered had the amendment[ ] been timely."[3] *Foremost–McKesson, Inc. v. Islamic Republic of Iran*, 1988 WL 122568, at *4, 1988 U.S. Dist. LEXIS 18522, at *16 (D.D.C.1988) (Flannery, J.), *aff'd*, 905 F.2d 438 (D.C.Cir.1990). Examples of such prejudice include situations where the proposed amendment will alter either the choice of counsel or the nature of the opposing party's strategy. *See Atchinson*, 73 F.3d at 427 (indicating that "the district court's concerns regarding [the non-movant's] choice of counsel and litigation strategy seem well-founded").

In *Atchinson*, the plaintiff moved to amend the complaint to sue a police officer in his

---

2. More importantly, if the defendant's prediction comes true and *Dove I* acts to bar the plaintiff's complaint, either in whole or in part, then such a resolution would serve the ends of justice by adhering to the guiding principles of judicial economy, finality of judgments, judicial consistency, and protection against vexatious and expensive litigation. *See Crist v. Bretz*, 437 U.S. 28, 33, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978) (explaining that, like the rule against double jeopardy, a "primary purpose" of res judicata is "to preserve the finality of judgments"); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 950 (D.C.Cir.1983) (recognizing that "[t]he doctrine of res judicata serves vital interests in the administration of justice"); *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C.Cir.1981) (noting that "the doctrine is designed to conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and

piecemeal litigation"); *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1160 (9th Cir.2002) (viewing res judicata as "intended to promote judicial efficiency and the finality of judgments"); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.2000) (defining the purposes of res judicata as finality of judgments, judicial economy, and protection of parties from "vexatious and expensive litigation").

3. As another member of this court has aptly recognized, although "any amendment designed to strengthen the other side's case will in some way harm the opponent," it does not necessarily follow that such an amendment must be "unduly" prejudicial. *Foremost–McKesson, Inc. v. Islamic Republic of Iran*, 1988 WL 122568, at *7, n. 16, 1988 U.S. Dist. LEXIS 18522, at *16 n. 16 (D.D.C.1988) (Flannery, J.), *aff'd*, 905 F.2d 438 (D.C.Cir.1990) (emphasis omitted).

individual capacity instead of, as the original complaint laid out, suing the city that employed him. *Id.* at 419–20. The D.C. Circuit affirmed the district court's denial of leave to amend because, if plead earlier, such an amendment—made "on the eve of trial, when discovery was complete"—could have led the individual police officer to seek private counsel instead of joint representation with his municipal employer, and might have allowed him to avoid personal liability by strategically agreeing with the plaintiff that his police training was inadequate. *Id.* at 427.

The plaintiff has neither demonstrated, nor has the court discovered, any comparable prejudice in this case. *Compare* Pl.'s Opp'n at 2 *with Atchinson*, 73 F.3d at 427. While the plaintiff characterizes the instant action as in a "late stage," this litigation actually is in its early stages given that the parties have yet to appear for an initial scheduling conference or commence discovery. Pl.'s Opp'n at 2; Def.'s Reply at 2. In other words, there remains plenty of time before the filing of dispositive motions for the plaintiff to counter the defendant's *res judicata* defense. Simply put, the defendant's proposed amendment does not come so late in the game as to confer an unfair strategic advantage over the plaintiff.

Thus, it is plain to see that what the plaintiff really finds objectionable is the unexplained delay between the defendant's filed answer and its motion to amend. But delay without the requisite prejudice is ordinarily insufficient to justify denial of leave to amend. *See Caribbean Broad. Sys.*, 148 F.3d at 1084 (laying out the proposition that "[i]n most cases delay alone is not a sufficient reason for denying leave") (quoting Wright & Miller, Fed. Prac. & Proc.2d § 1488); *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (explaining that "[o]rdinarily, delay alone, does not justify denial of leave to amend"); *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3rd. Cir.2001) (reasoning that "delay alone is an insufficient ground to deny leave to amend"); *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir.2001) (stating that "[d]elay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment"); *Pittston Co. v. United States*, 199 F.3d 694, 706 (4th Cir.1999) (observing the "well established" principle that "delay alone, without prejudice, does not support the denial of a motion for leave to amend"). The court therefore has no reason to expect undue prejudice to flow from the defendant's proposed amendment.[4]

In concluding that none of the plaintiff's claimed reasons for denying leave to amend exist, the court is reminded of the wisdom that man was not created to serve the law, but that the law was created to serve man. *See People v. Sinclair*, 30 Mich.App. 473, 186 N.W.2d 767, 775 (1971) (Bronson, J., concurring) (acknowledging the precept that "[t]he law should serve man in society"), *rev'd on other grounds*, 387 Mich. 91, 194 N.W.2d 878 (1972); *Trs. of Freeholders & Commonalty v. Heilner*, 84 Misc.2d 318, 375 N.Y.S.2d 761, 774 (Sup.Ct.1975) (observing that "[w]ords and laws should serve man; not the converse"). Indeed, the federal rules serve society by smoothing the way for courts to resolve cases on their merits. *Foman*, 371 U.S. at 182, 83 S.Ct. 227 (accepting "the principle that the purpose of pleading is to facilitate a proper decision on the merits"). It is to this goal that the federal rules pledge their allegiance, not the creation of traps that ensnare the unsuspecting but well-intentioned litigant. *Id.* at 181–82, 83 S.Ct. 227. Rule 15(a) recognizes that litigants are hu-

---

4. Although the plaintiff does not raise the issue, a casual observer may wonder why the defendant feels compelled to amend its answer to include *res judicata* when it could conceivably wait to raise it in a dispositive motion. Controlling precedent in the D.C. Circuit, however, mandates that "an affirmative defense is forfeited if it is not raised in the answer." *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C.Cir.1998); *see also Harris*, 126 F.3d at 345 (interpreting Rule 8(c) as requiring that "a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion"). The amendment process cures the forfeiture that a defendant suffers when he fails to plead an affirmative defense in his answer. *Harris*, 126 F.3d at 343 n. 2 (distinguishing between waiver and forfeiture and explaining that "[a] Rule 15 amendment, if allowed by the trial court, will cure any problem of timeliness associated with forfeiture").

man beings who make mistakes and allows for the correction of those mistakes via amendments to pleadings where appropriate. *See Harris*, 126 F.3d at 343 (recognizing that Rule 15(a) exists to correct mistakes made by litigants). In the instant case, the defendant unintentionally omitted from its answer the affirmative defense of *res judicata*. To facilitate a decision on the merits, the court will dispense a second chance to the defendant to allow a correction of its oversight, thereby moving this action closer toward a resolution on the merits.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to amend. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this *30th* day of March 2004.