Christian NWACHUKWU, Plaintiff,

v.

John F. KARL, Jr., Defendant.

No. CIV.A.02–0469(RMU).

United States District Court,
District of Columbia.

Aug. 2, 2004.

Christian C. Nwachukwu, Cheverly, MD, pro se.

C. Michael Tarone, John F. Karl, Jr., Nancy J. Malir, McDonald & Karl, Washington, DC, for Defendant.

*MEMORANDUM OPINION*

DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

URBINA, District Judge.

## I. INTRODUCTION

■ This matter comes before the court on the plaintiff's motion to alter or amend judgment.[1] On May 27, 2004, the defendant filed a motion to amend his answer. Although the plaintiff filed his memorandum in opposition to the defendant's motion on June 9, 2004, it was not docketed until June 16, 2004. On June 14, 2004, after the plaintiff filed his opposition but before it was docketed, the court entered its order granting the defendant's motion to amend his answer.

The plaintiff then promptly moved to alter or amend the judgment, asking the court to reevaluate the defendant's motion in light of the plaintiff's timely opposition. Upon reconsideration, the court denies the plaintiff's motion to alter or amend judgment of the order granting the defendant's motion to amend his answer.

## II. BACKGROUND

The litigation underlying the present action involved injuries the plaintiff sustained in a car accident on October 1, 1994. Am. Compl. ¶ 1. The plaintiff retained the legal services of the defendant in December 1997, to aid him in the litigation stemming from those injuries. *Id.* ¶ 9. Eventually a dispute arose between the plaintiff and the defendant over the ownership of the plaintiff's insurance proceeds, causing the parties' relationship to deteriorate. *See generally Nwachukwu v. Karl,* 223 F.Supp.2d 60, 63–64 (D.D.C. 2002); *Nwachukwu v. Karl,* 2003 WL 21448302, at *1, 2003 U.S. Dist. LEXIS 10504, at *1–3 (D.D.C. June 18, 2003); *see generally* Am. Compl. The plaintiff then lodged complaints against the defendant with the District of· Columbia Bar ("the Bar"). Am. Compl. ¶ 37. Although the Bar determined that the defendant did not commit any ethical violations, it encouraged the defendant to file an interpleader action to determine whether John Hancock, the plaintiff's insurer, or the plaintiff was the rightful owner of the disputed funds. *Id.* ¶¶ 37–42, 49. On October 18, 2001, the defendant filed an interpleader complaint in the Superior Court for the District of Columbia ("Superior Court"), *id.* ¶ 49, and on January 17, 2002, the defendant deposited the disputed funds with the clerk of the court, thereby discharging the defendant from further participation in the case. *Id.* ¶ 51.

While the foregoing case was still pending, the plaintiff filed a second suit, the instant action, with the Superior Court on February

---

1. Because the plaintiff filed his motion within the ten-day period set for Rule 59(e) motions, the court treats the plaintiff's "motion for reconsideration" as a Rule 59(e) motion to alter or amend judgment, as opposed to a Rule 60(b) motion seeking relief from a judgment or order. *Zyko v. Dep't of Def.,* 180 F.Supp.2d 89, 90–91 (D.D.C.2001) (stating "courts may treat motions for reconsideration as motions to alter or amend judgment pursuant to [Rule] 59(e) when they are filed within 10 days of the entry of judgment at issue"); *accord United States v. Emmons,* 107 F.3d 762, 764 (10th Cir.1997); *Small v. Hunt,* 98 F.3d 789, 797 (4th Cir.1996).

12, 2002, alleging abdication of fiduciary responsibility, negligence, misrepresentation, misappropriation of funds, and intentional infliction of emotional distress. Am. Compl. at 11–17. On March 13, 2002, the defendant removed this second action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1441(a). Notice of Removal ¶¶ 6–9.

On March 13, 2003, the Superior Court granted summary judgment in the first suit, in favor of John Hancock. That court held that the plaintiff did not own or have rights to the funds at issue in that case, which are the same funds implicated in the present action. Def.'s Notice of Filing (*Karl v. Nwachukwu, et al.*, C.A. No. 01–007791, Cal. 8).

On May 27, 2004, the defendant filed a motion to amend his answer. Def.'s Mot. to Amend Answer ("Def.'s Mot."). The plaintiff filed his memorandum in opposition to the defendant's motion on June 9, 2004, however, it was not docketed until June 16, 2004. On June 14, 2004, after the plaintiff filed his opposition but before it was docketed, the court entered its order granting the defendant's motion to amend his answer. Pl.'s Mot. to Alter or Amend J. On June 18, 2004, the plaintiff filed a motion for reconsideration due to the docketing oversight. Since the plaintiff filed his motion, the District of Columbia Court of Appeals ("Court of Appeals") has affirmed the decision of the Superior Court in the first suit.[2] Def.'s Notice of Recent Decision (*Nwachukwu v. John Hancock Mgmt., Co.*, 2004 D.C.App. LEXIS 351 (D.C. June 16, 2004)). The court now addresses the plaintiff's motion to alter or amend judgment of the order granting the defendant's motion to amend his answer.

### III. ANALYSIS

#### A. Legal Standard for Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within ten days of the entry of the judgment at issue.

FED. R. CIV. P. 59(e); *see also Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C.Cir.2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other day appointed as a holiday by the President"). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (per curiam); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice.'" *Firestone*, 76 F.3d at 1208. Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995), or a vehicle for presenting theories or arguments that could have been advanced earlier. *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C.Cir.1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

#### B. Legal Standard for Amendment of Pleadings

Rule 15(a) governs the amendment of pleadings, stating generously that "leave [to amend] shall be freely given when justice so requires," FED. R. CIV. P. 15(a), and "instructs the [d]istrict [c]ourt to determine the propriety of amendment on a case by case basis." *Harris v. Sec'y, United States Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C.Cir.1997). Whether to grant or deny leave to amend rests in the district court's sound discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

---

2. The Court of Appeals affirmed the Superior Court's decision awarding summary judgment to John Hancock in the interpleader action filed by the defendant, holding that the established facts demonstrate that John Hancock is the rightful owner of the amount in dispute. Def.'s Notice of Recent Decision at 5–6 (*Nwachukwu v. John Hancock Mgmt., Co.*, 2004 D.C.App. LEXIS 351 (D.C. June 16, 2004)).

Such discretion is not unlimited, however, for it is an "abuse of discretion" when a district court denies leave to amend without a "justifying" or sufficient reason. *Id.; Firestone,* 76 F.3d at 1208. Reasons that justify a denial of leave to amend include undue delay, bad faith, repeated failure to cure a pleading's deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Richardson v. United States,* 193 F.3d 545, 548–49 (D.C.Cir.1999); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1084 (D.C.Cir.1998).

■ Courts require a sufficient basis for denial of leave to amend because the purpose of pleadings under the Federal Rules of Civil Procedure is "to facilitate a proper decision on the merits," not to set the stage for "a game or skill in which one misstep by counsel may be decisive to the outcome." *Foman,* 371 U.S. at 181–82, 83 S.Ct. 227 (citing *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To further the goal of deciding cases on their merits and avoiding adjudication by technicality, Rule 15 allows for amendment "whereby a party who harmlessly failed to plead an affirmative defense may find satisfaction" rather than allowing the party to lose because of a minor technical mistake made in its original pleadings. *Harris,* 126 F.3d at 343. Under Rule 15(a), the non-movant generally carries the burden in persuading the court to deny leave to amend. *Cf. Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 n. 2 (5th Cir.1981) (endorsing exceptions to the general rule that the burden of persuasion rests with the non-movant in the Rule 15(a) context); *see also Gudavich v. District of Columbia,* 22 Fed.Appx. 17, 18 (D.C.Cir.2001) (noting that the non-movant "failed to show prejudice from the district court's actions in allowing the [movant's] motion to amend") (unpublished decision).

## C. The Court Denies the Plaintiff's Motion to Alter or Amend Judgment

■ In the District of Columbia, a court cannot deny leave to amend based solely on the time elapsed between the filing of the pleading and the request for leave to amend.

*Atchinson v. District of Columbia,* 73 F.3d 418, 426 (D.C.Cir.1996). "Where an amendment would do no more than clarify legal theories or make technical corrections, [the D.C. Circuit] has consistently held that delay, without a showing of prejudice, is not sufficient ground for denying the motion." *Harrison v. Rubin,* 174 F.3d 249, 252–53 (D.C.Cir.1999) (holding that the district court was wrong in denying leave to amend even though two years had passed since the filing of the complaint, the case was nearing trial, and the parties had almost concluded their pre-trial discovery).

■ The plaintiff argues that "more ink will be expended on [the adjudication of the] defendant's abusive invocation of the *Estoppel Judicata* [sic] doctrine" and other proposed defenses than if the case were to proceed without the proposed amendments. Pl.'s Opp'n at 1–2. The affirmative defense of res judicata, however, "prevents repetitious litigation involving the same causes of action or the same issue," *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.,* 723 F.2d 944, 946 (D.C.Cir.1983), and helps to "conserve judicial resources, avoid inconsistent results, engender respect for judgment of predictable and certain effect, and [ ] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C.Cir.1981); *see also Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The court recognizes that the defendant's year-and-a-half delay in asserting, *inter alia,* res judicata is not a matter the court takes lightly. *E.g., Dove v. Wash. Metro. Area Transit Auth.,* 221 F.R.D. 246, 247 (D.D.C.2004) (noting that a ten-week delay is "no small matter"). This delay, however, is inconsequential when compared to the time and judicial resources the court will save if indeed it disposes of the case on the basis of the proposed defenses, as opposed to engaging in lengthy proceedings that give the plaintiff a second bite of the juridical apple. In light of the recent rulings of both the Superior Court and the Court of Appeals regarding the ownership of the money controverted in both that case as well as here, the court is even further implored to allow the defendant's amendments.

Although the court prefers pleaders to anticipate all potential defenses in their first pleading, Rule 15(a) exists to facilitate the judicial goal of deciding cases on their merits, as opposed to procedural mishaps dictating the outcome. *Harris,* 126 F.3d at 343; *Foman,* 371 U.S. at 182, 83 S.Ct. 227. The court notes that the defendant's proposed amendments to his answer did not in fact become applicable to the present action until well after its commencement. Consequently, the defendant's delay in moving to amend his answer does not seem undue, but rather justified in light of the Superior Court's decision and the Court of Appeals' recent affirmance thereof.

■ Moreover, the plaintiff has neither demonstrated, nor has the court discovered, any prejudice in this case. *See generally* Pl.'s Opp'n; Def.'s Mot. As noted, delay without the requisite showing of prejudice is ordinarily insufficient to justify denial of leave to amend. *See Caribbean Broad. Sys.,* 148 F.3d at 1084 (laying out the proposition that "[i]n most cases delay alone is not a sufficient reason for denying leave") (quoting Wright, Miller & Kane, FED. PRAC. & PROC.2d § 1488). "Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which [ ] would have [been] offered had the amendment[ ] been timely." [3] *Dove,* 221 F.R.D. at 248 (alteration in original) (citing *Foremost–McKesson, Inc. v. Islamic Republic of Iran,* 1988 WL 122568, at *4, 1988 U.S. Dist. LEXIS 18522, at *16 (D.D.C. Nov. 8, 1988) *aff'd,* 905 F.2d 438 (D.C.Cir.1990)). Examples of such prejudice include situations where the proposed amendment will alter either the choice of counsel or the nature of the opposing party's strategy. *See Atchinson,* 73 F.3d at 427 (indicating that "the district court's concerns regarding [the non-movant's] choice of counsel and litigation strategy seem well-founded"). While the plaintiff offers no facts indicating that he would be prejudiced by the defendant's proposed amendments, *see* Pl.'s Opp'n at 19, the defendant presents convincing evidence that the plaintiff would not be prejudiced. Def.'s Mot. at 9–10. The plaintiff has undoubtedly been aware of the Superior Court and Court of Appeals cases, as he was a named and participating party in both instances. *See generally* Def.'s Mot.; Pl.'s Opp'n; Am. Compl. Accordingly, the plaintiff has not been denied the opportunity to present evidence which would have been offered had the amendment been timely and thus cannot be seen to suffer undue prejudice by the defendant's amendments.

■ Further, even if the court did not permit the defendant to amend his answer to add, *inter alia,* res judicata, that defense could still be used against the plaintiff. Because "res judicata belongs to courts as well as to litigants," a court may invoke res judicata *sua sponte. Stanton v. D.C. Ct. of Appeals,* 127 F.3d 72, 77 (D.C.Cir.1997); *see also Tinsley v. Equifax Credit Info. Servs., Inc.,* 1999 WL 506720, at *1, 1999 U.S.App. LEXIS 15837, at *3 (D.C.Cir. June 2, 1999) (per curiam) (noting that a district court may apply res judicata upon taking judicial notice of the parties' previous case). Because the doctrine of res judicata could apply notwithstanding the defendant's motion, it simply makes sense for the court to grant the defendant's motion when presented with the issue by the parties, rather than simply postponing delay should the court later raise the doctrine *sua sponte.*

Allowing the defendant to amend his answer therefore "serve[s] the ends of justice by adhering to the guiding principles of judicial economy, finality of judgments, judicial consistency, and protection against vexatious and expensive litigation." *Dove,* 221 F.R.D. at 248 (citations omitted). In order to facilitate a decision on the merits in this two-year affair and to prevent the plaintiff from taking a second bite of the apple, the court denies the plaintiff's motion to amend or alter judg-

---

**3.** "Although 'any amendment designed to strengthen the other side's case will in some way harm the opponent,' it does not necessarily follow that such an amendment must be 'unduly' prejudicial." *Dove v. Wash. Metro. Area Transit Auth.,* 221 F.R.D. at 248 (quoting *Foremost–McKesson, Inc. v. Islamic Republic of Iran,* 1988 WL 122568, at *7 n. 16, 1988 U.S. Dist. LEXIS 18522, at *16 n. 16 (D.D.C. Nov. 8, 1988) *aff'd,* 905 F.2d 438 (D.C.Cir.1990)). To deny leave to amend, prejudice must in fact be "undue." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

ment of the court's order granting the defendant's motion to amend his answer.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to alter or amend judgment of the court's order granting the defendant's motion to amend his answer.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this *2nd* day of August 2004.